Jeffrey A. BAILEY, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 482S144.

Supreme Court of Indiana.

Oct. 27, 1982.

A. Vance McQueen, Brown, Brown & McQueen, Shelbyville, for appellant.

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Jeffrey A. Bailey, is before this Court appealing from the denial of his petition for permission to file a belated motion to correct error. Post-Conviction Relief, Rule 2. On June 19, 1972, defendant pled guilty to the offense of second-degree murder. Ind.Code § 35–13–4–1 (Burns 1975). He was sentenced to the Indiana State Reformatory for an indeterminate period of fifteen to twenty-five years. In February of 1974, he filed a petition for post-conviction relief, which was denied on May 1, 1974. On April 6, 1981, petitioner filed a petition seeking permission to file a belated motion to correct error directed at the denial of his 1974 post-conviction relief petition. Following a hearing on the matter, the trial court denied the petition. Defendant here maintains the court erred in denying his petition to file a belated motion to correct error.

As the parties acknowledge, petitioner's contention is governed by Ind.R.P.C. 2. Pursuant to the post-conviction relief rule, a belated motion to correct error may be filed if three conditions are met:

"(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule."
*Id.*

There is no question that a timely motion to correct error was not filed on behalf of petitioner.

Petitioner's contention revolves around the issue of whether he was at fault and bears responsibility for the failure to file a timely motion to correct error. Questions such as that put before us must be resolved on a case-by-case basis. *Wilhite v. State,* (1980) Ind., 402 N.E.2d 1211. Generally speaking, the determination of whether a belated motion to correct error should be permitted lies within the sound discretion of the trial court. Unless it is demonstrated that the trial court abused its discretion or that its determination is contrary to law, it will not be disturbed. *Wilhite v. State, supra; Jones v. State,* (1979) 270 Ind. 556, 387 N.E.2d 1313.

The record reveals that the petition for post-conviction relief filed in February of 1974 was tendered *pro se.* The court then appointed David Freund, Public Defender, to represent petitioner. Freund interviewed petitioner at the State Reformatory and, on March 27, 1974, a hearing was held on the petition. At the close of the hearing, the court took the matter under advisement. On May 1, 1974, the court issued its findings of fact and conclusions of law, wherein it denied the petition for post-conviction relief.

Freund testified that on May 2, 1974, he dictated and signed the following letter to petitioner:

"Dear Mr. Bailey:

"Please find enclosed a copy of the Court's Findings of Fact and Conclusions of Law, dated May 1, 1974, denying your Petition for Post-Conviction Relief.

"You should be aware that you have a right to appeal from this adverse decision if you so desire. The appeal process is long in nature, and the chance for success is not great.

"Another thing which I think you should consider in deciding whether or not to appeal is what might happen if you were to be successful and your guilty plea were to be withdrawn. In a crime of the nature of which you are charged, the prosecutor will, without any doubt, reprosecute you. From what I have been able to

gather, the evidence of your guilt is strong and the likelihood of your being convicted again is not only likely, but probable. Thus you perhaps should consider what, if anything, you might gain by continuing to seek the withdrawal of your plea.

"If you do decide to appeal this decision, a Motion to Correct Errors must be filed in the trial court within sixty [60] days of May 1, 1974. *Please let this office know if you want an appeal by June 1, 1974* in order that a proper and adequate Motion to Correct Errors can be prepared and timely filed on your behalf.

"Sincerely,
"David P. Freund
Deputy Public Defender"
[Emphasis original.]

As is indicated in the letter, the court's findings of fact and conclusions of law were enclosed with the letter.

Petitioner testified that he never received the letter from Freund. He acknowledged that, via mail, he did receive the trial court's findings of fact and conclusions of law; he testified that he could not "recall the address on the return" and therefore did not know whether the findings or conclusions had been sent to him by the court or the Public Defender's office. He insisted the information mailed to him did not include any notice of his right to appeal. Petitioner stated that he did not learn of his right to appeal the decision until January of 1975, when the right was explained to him by inmates at the Reformatory.

Freund conceded he had no personal knowledge of whether the letter he had dictated and signed was actually mailed to petitioner and received by him. He explained that, as per standard procedure in his office, the signed letter would have been returned to his secretary for mailing. Freund stated that he had "never known letters not to be mailed" but acknowledged the possibility of human error.

Freund also testified that on occasion, inmates at institutions within the Department of Correction had complained that they had not received mail which he had

sent to them. He stated, however, that he had never been able to confirm the veracity of those complaints.

Freund also acknowledged that in the months immediately following the trial court's decision, he did not personally contact petitioner. At that time, Freund explained, it was his practice to assume that if a petitioner did not respond to a letter like that one dictated here, the petitioner did not wish to appeal. He stated that it was not unusual for petitioners not to respond.

Based on this evidence, we conclude that the trial court did not abuse its discretion in denying petitioner's request to file a belated motion to correct error. It is noted that petitioner bore the burden of proving his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 2, § 1(c), incorporating by reference Ind.R. P.C. 1, § 5; *Zellers v. State,* (1979) Ind., 389 N.E.2d 299; *Money v. State,* (1979) Ind. App., 387 N.E.2d 474. In that respect, petitioner's failure to produce any evidence to indicate the source of the findings of fact and conclusions of law which were mailed to him is of significant import; petitioner's failure to introduce the envelope and return address or otherwise to establish the source of the mailing reduces his claim to one which rests on credibility of witnesses and speculation. Inasmuch as there was evidence from which the court could reasonably conclude that notice of the right to appeal was mailed to and received by the petitioner, it is not this Court's prerogative to upset the trial court's conclusion that the failure to file a timely motion to correct error was, in part, attributable to petitioner. *Zellers v. State, supra; Money v. State, supra.* The record, we note, contains various letters and motions written by petitioner which indicate that, in terms of his ability to express himself, he is a person of ordinary skills and mental abilities. His failure to notify the Public Defender that he did wish to exercise his right to appeal defeats his claim. *Id.* Inasmuch as the petition was properly denied under Ind.R. P.C. 2, § 1(b), we do not reach the merits of the argument that petitioner acted with

diligence in seeking to file his belated motion to correct error, as required by Ind.R. P.C. 2, § 1(c). *Money v. State, supra.*

For all the foregoing reasons, there was no trial court error and its judgment should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.