**Vincent TREDWAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 20S00–8712–CR–1148.**

Supreme Court of Indiana.

Sept. 8, 1989.

**1346**

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Chief Counsel, Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of Rape Resulting in Serious Bodily Injury, a Class A felony, for which he received an enhanced seventy (70) years by reason of his status as an habitual offender.

The facts are: The victim was well-acquainted with appellant. He had been engaged to her aunt. On September 10, 1986, appellant stopped at the victim's home at approximately 10:30 p.m. where he hoped to visit with the victim's father. However, the victim's father was not home, and the victim's mother took a ride with appellant in his "new" used car. When appellant returned, he offered to take the victim for a ride in his car. The victim testified that they drove around for awhile, then drove to a country road and parked, whereupon appellant locked the car doors and began undressing the victim. He then unlocked the car and carried the victim to the front of the car. She testified that he placed her on the hood of the car and raped her. After the assault, he carried her to the passenger side of the car and began choking her and stated; "I want you to die." The victim testified she lost consciousness, and the next thing she remembered was awakening in the hospital.

She did recall later that she had walked to a nearby residence where she appeared naked from the waist down and in a bloody and battered condition. The victim suffered skull fractures and multiple facial lacerations. Dr. Barkley, who examined the victim, testified that such injuries could affect short and long-term memory.

Appellant tells a different version of the incident. He admits that he took the victim for a ride in his car but states that they had consensual sexual intercourse and that he then took her to a location designated by her where he let her out, supposedly to meet her boyfriend and that she was uninjured when he left her.

Appellant combines two issues in his argument, one that the evidence is insufficient to support his conviction for rape and also that there is evidence in the case that the victim's boyfriend possibly was involved in the commission of the crime.

Appellant claims that because the victim's injuries were so severe and because the doctor testified that they could cause long-term and short-term loss of memory, her testimony at trial should not be believed. He cites as an example of her confusion the fact that she testified that the door handle of appellant's car operated in a certain fashion to lock the door, whereas she was in error and the door locked in another fashion. This error in the victim's testimony is relatively minor considering the various things that occurred that evening and was presented to the jury for their weight and evaluation.

Appellant also points to several things which the police investigators did not do. He contends that, although there were tire tracks in mud at the scene of the crime which were visible, it began to rain before a technician arrived to make casts of the tire tracks. Appellant concedes that the width between the wheels was measured by the police and that those measurements matched the measurements of his car. He takes the position that too much time expired between the measurement of the tracks at the scene and the measurement of appellant's car. However, he does not cite us to any evidence which would lead the jury to believe that there was any change in appellant's car in the interim.

He also points to the fact that police testified that when they examined appel-

lant's car they found a dent in the hood and a substance that appeared to be blood on the hood. However, rain had washed the blood away to the extent that it became impossible to make laboratory tests upon the residue. He also points to the fact that the police found blood inside the car but for some reason the sample taken was lost before being tested.

We find it fruitless to dwell upon what the police did not do or did not discover during their investigation. The important considerations here are what was discovered and what was presented by way of positive evidence to the jury. The victim testified at length and lucidly concerning the happenings of that evening. In fact, there is no doubt that she rode with appellant in his car and that sexual intercourse took place. The only dispute is whether the intercourse was consensual. Likewise, there is little doubt as to where the attack occurred in view of the fact that the victim's clothing was found at the scene where the tire tracks were discovered. It also is clear that the victim received aid at a nearby farmhouse, and when she arrived there, she was in a battered condition and naked from the waist down. There also is no doubt that she suffered extensive injuries at the hands of someone.

Although appellant attempts to mount an argument that appellant's boyfriend could have been the attacker, there is absolutely nothing in this record to justify such an assumption. The victim's testimony does not involve the boyfriend in the attack. The record in this case supports the verdict of the jury. It is well settled that a conviction for rape can rest upon the uncorroborated testimony of the victim. *Heaton v. State* (1985), Ind., 483 N.E.2d 58; *Johnson v. State* (1982), Ind., 432 N.E.2d 1358.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.