Danny L. LONG, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 55A01–9101–CR–08.

Court of Appeals of Indiana, First District.

May 9, 1991.

Michael B. Weinberg, Gregory T. Lauer, Martinsville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for plaintiff-appellee.

BAKER, Judge.

Defendant-appellant Danny Long was convicted of two Class C misdemeanors for hunting after hours and failure to wear hunter's orange[1] under the Fish and Wildlife Act. He brings this appeal from the trial court's denial of his motion to file a belated praecipe. We reverse.

1. IND.CODE 14-2-3-3, 14-2-3-8.

The facts leading to Long's convictions are not material at this time. The procedural stance of the case is the dispositive issue. Long was convicted and sentenced on January 11, 1990 after a one-day bench trial at which he was represented by counsel. After the sentencing, counsel withdrew for reasons unclear in the record. On March 1, 1990, Long filed a *pro se* motion to correct error which was denied on March 21, 1990.

Still proceeding *pro se*, Long filed a petition to file a belated praecipe on June 4, 1990, 45 days after the deadline for filing a timely praecipe under Ind.Appellate Rule 2(A). The petition stated that Long was without counsel, that his trial counsel had left the case and refused to explain the appeal process, that he did not have knowledge of the appeal process, and that he had tried to retain new counsel but was unable to pay. Moreover, Long's petition stated he had sought assistance from the Indiana State Bar Association, the State Public Defender (including the name of the person with whom he spoke in that office), the Legal Services Organization offices in Bloomington and Indianapolis, and private counsel in both Martinsville and Indianapolis. Long even went so far as to telephone the office of Indiana Chief Justice Randall Shepard, where he spoke with one of Chief Justice Shepard's law clerks.

Finally, Long's petition stated he had tried to handle the case as quickly as he could, despite his inability to retain counsel, and asked the court to be tolerant of his efforts. Four days later, on June 8, the trial court denied the petition without a hearing because it was "not clear what relief Defendant is requesting." *Record* at 23.

Later that summer, Long received counsel, and with counsel's assistance filed a second petition to file a belated praecipe on August 14. On August 17, the trial court denied this second petition without a hearing and Long now appeals.

## DISCUSSION AND DECISION

The decision whether to grant a petition to file a belated praecipe is governed by Ind. Post–Conviction Rule 2 § 1, which provides in pertinent part:

Section 1. Belated Praecipe. Where a defendant convicted after a trial or plea of guilty fails to file a timely praecipe, a petition for permission to file a belated praecipe may be filed with the trial court, where:

(a) the failure to file a timely praecipe was not due to the fault of the defendant, and

(b) the defendant has been diligent in requesting permission to file a belated praecipe under this rule.

The trial court shall consider the above factors in ruling on the petition.

Long argues the trial court erred by denying his petitions for relief under P–C.R. 2 § 1 in a summary manner. We agree.

■ An evidentiary hearing is not required when the pleadings conclusively show the petitioner is not entitled to relief. Ind. Post–Conviction Rule 1 § 4(f); *Robinson v. State* (1986), Ind., 493 N.E.2d 765, 767. If, however, the petition raises an issue of material fact, Ind. Post–Conviction Rule 1 § 4(g) requires that a hearing be held. *Id.* On their faces, Long's petitions raised the issue of material fact of his compliance with P–C.R. 2 § 1, and accordingly, the petitions could not properly be dismissed without a hearing, and the trial court's summary denial was error.[2] *See Zellers v. State* (1977), 266 Ind. 111, 114, 361 N.E.2d 143, 144; *Brown v. State* (1989), Ind.App., 536 N.E.2d 549, 552; *Blackmon v. State* (1983), Ind.App., 450 N.E.2d 104, 107.

■ But it does not follow that the petition cannot be *granted* without a hearing, and so, though we would normally remand for a hearing, to do so here would be superfluous because the State on appeal agrees Long has met his burden of proving entitlement to relief.[3]

Indiana courts have not had previous occasion to rule on an appeal from the denial of a petition for a belated praecipe. Both this court and our supreme court, however, have heard appeals from denials of petitions to file a belated motion to correct error under Ind. Post–Conviction Rule 2 § 2. Because P–C.R. 2 § 1 sets forth the same standards of diligence and absence of fault for belated praecipe petitions as P–C.R. 2 § 2 sets forth for belated motion to correct error petitions, we view the P–C.R. 2 § 2 case law as controlling.

■ A defendant must be without fault in the delay of the filing. *Evolga v. State* (1988), Ind., 519 N.E.2d 532, 534. There are no set standards defining fault or diligence, and each case must be resolved on its own facts. *Bailey v. State* (1982), Ind., 440 N.E.2d 1130, 1131. We will reverse the trial court's decision only if it is an abuse of discretion or if it is contrary to law. *Id.* Matters affecting the determination include the defendant's level of awareness of procedural requirements, age, education, familiarity or past experience with the legal system, whether he was informed of his appellate rights, and whether he committed any act or omission which contributed to the delay. *Blackmon, supra,* 450 N.E.2d at 109, n. 7. If the trial court finds a petitioner has met his burden, the petition must be granted. *Clark v. State* (1987), Ind., 506 N.E.2d 819, 820.

■ Here, there is no allegation of fault or lack of diligence on Long's part. Indeed, as the State itself readily admits, Long has more than met his burden. The record does not reveal Long's background,

---

2. The rationale for the trial court's decision underscores the importance of a hearing. The court did not base its decision on Long's failure to comply with the requirements of P–C.R. 2 § 1, but rather on the lack of clarity of the petition. The caption of the petition, however, clearly states "Petition For Permission to file a belated praecipe." *Record* at 11. An evidentia-

ry hearing would have resolved the matter and avoided the need for this appeal.

3. In proceedings governed by the Post–Conviction Rules, the petitioner bears the burden of proving entitlement to relief by a preponderance of the evidence. *Murphy v. State* (1985), Ind., 477 N.E.2d 266.

but it does show the trial court did not advise Long of his appellate rights. Since Long's convictions were for misdemeanors, the judge was not required under Ind.Crim. Rule 11 to advise Long of the right to appeal, but the fact that no advisement was given is evidence of Long's lack of awareness of his appellate rights. Nonetheless, 45 days after a timely praecipe was to have been filed, Long filed his *pro se* petition, which was replete with Long's individual efforts to pursue his case and noted that his trial counsel, who did not normally practice criminal law, had left the case without discussing the appeal process with him. Long did all that was required of him and more, and since he unquestionably met his burden, no further action is necessary.

### CONCLUSION

The judgment of the trial court is reversed, and the cause is remanded with instructions to the trial court to grant Long's petition for permission to file a belated praecipe.

RATLIFF, C.J., and HOFFMAN, J., concur.