**Vincent P. TREDWAY, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 20A04–9106–PC–198.**

Court of Appeals of Indiana, First District.

Sept. 30, 1991.

Transfer Denied Dec. 2, 1991.

See also 542 N.E.2d 1345.

Susan K. Carpenter, Public Defender, Kenneth L. Bird, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

BAKER, Judge.

Petitioner-appellant Vincent P. Tredway challenges the trial court's denial of his petition for post-conviction relief nine years after he was convicted for theft and seven years after the trial court denied him relief. Tredway argues the trial court abused its discretion. We hold the trial court did not and affirm.

### FACTS

Tredway pled guilty to theft, a Class D felony,[1] on September 4, 1980. He filed a petition for post-conviction relief with the trial court on May 5, 1982, which was denied the same day. Eight days later, Tredway's attorney sent him a letter informing him of the outcome and the right to appeal. Tredway requested his attorney file a motion to correct error. After meeting with his attorney on May 28, 1982, Tredway withdrew the motion to correct error on advice of counsel.

Tredway acknowledges that in 1984, the State sought to enhance the potential sentence of a pending rape charge by adding a habitual offender allegation, using the 1980 theft conviction as one of the predicate convictions. The habitual offender allegation was later dismissed pursuant to a plea agreement under which Tredway pled guilty to a misdemeanor. On June 25, 1987, Tredway was convicted of a subsequent rape and adjudicated an habitual of-

1. IND. CODE 35–43–4–2

fender. He received a 40 year sentence enhanced by 30 years as a result of the habitual offender adjudication, which was based in part on the 1980 theft conviction.[2]

The attorney representing Tredway in his appeal of the subsequent rape conviction advised Tredway on March 3, 1988, to also appeal his prior convictions in belated post-conviction proceedings. On May 15, 1989, Tredway filed his petition for permission to file a belated praecipe, seeking to attack the denial of his post-conviction relief which challenged the 1980 theft conviction. After a hearing, the trial court denied the petition on March 11, 1991. This appeal ensued.

### DISCUSSION AND DECISION

■ When deciding whether to grant Tredway's petition to file a belated praecipe, the trial court was bound by Ind. Post–Conviction Rule 2(1), which provides that the trial court shall grant the petition when: "(a) the failure to file a timely praecipe was not due to the fault of the defendant; and (b) the defendant has been diligent in requesting permission to file a belated praecipe under this rule." Tredway had the burden of proving his grounds for relief by a preponderance of the evidence. *Long v. State* (1991), Ind.App., 570 N.E.2d 1316, 1318 n. 3. Deciding whether the defendant is responsible for the delay is within the trial court's discretion, and, unless the trial court abused its discretion, the ruling will not be reversed. *Id.* at 1318. When making this determination, it is not our function to reweigh the evidence or to judge the credibility of the witnesses. *Shepard v. State* (1986), Ind., 500 N.E.2d 1172, 1174.

Indiana courts have had little opportunity to determine when a defendant was without fault in the delay of filing a praecipe pursuant to P–C.R. 2 § 1. We have addressed the issue, however, in the context of belated motions to correct error under P–C.R. 2 § 2. Because P–C.R. 2 § 1 and P–C.R. 2 § 2 set forth the same diligence and absence of fault standards, we have held the P–C.R. 2 § 2 case law regarding belated motion to correct error petitions also controls belated praecipe petitions. *Long, supra.*

■ Whether delay in filing may be attributed to fault of the defendant depends on the facts in each case. *Bailey v. State* (1982), Ind., 440 N.E.2d 1130, 1131. Specifically, the trial court was to consider whether the defendant was advised of his right to appeal, the defendant's age, education, experience with the legal system and appellate procedures, and whether the defendant did any act or omission contributing to the delay. *Long, supra* (citing *Blackmon v. State* (1983), Ind.App., 450 N.E.2d 104, 109 n. 7).

■ In this instance, it was not an abuse of the trial court's discretion to find Tredway did not meet his burden of showing he was without fault in failing to file a timely praecipe. Specifically, the trial court found Tredway failed to show he did not know he had the right to file a belated praecipe. Tredway had extensive contact with the criminal justice system in the nine years between his 1980 theft conviction and the time when he finally filed his petition for permission to file a belated praecipe. In addition to the 1980 theft conviction, the trial court found Tredway was charged with rape in 1984, which was reduced to a misdemeanor through a plea agreement, and, in 1987, he was convicted of a subsequent rape. The record also reveals Tredway was convicted of a felony prior to 1980, a 1979 theft conviction. In all of these offenses, Tredway was represented by counsel. This record provides overwhelming evidence to support the trial court's finding Tredway knew of his right to initiate an appeal; appealing the denial of his post-conviction relief simply was not important to him until he was adjudicated an habitual offender.

■ Likewise, we hold the trial court did not abuse its discretion in finding Tredway was not diligent in requesting permission to file a belated praecipe under P–C.R. 2 § 1(b). When Tredway's 1980 theft convic-

2. The habitual offender sentence enhancement was also supported by a 1979 theft conviction.

tion was eventually used to enhance his sentence for the 1987 rape conviction, Tredway waited an additional year before he made any further inquiry into an appeal, and he did not file his petition until May 1989. A diligent defendant would not wait an additional two years after being adjudicated an habitual offender to initiate an appeal of the denial of his post-conviction relief.

Accordingly, we hold the trial court properly found Tredway was both at fault for the delay and was not diligent in petitioning to file a belated praecipe.

The trial court is affirmed.

RATLIFF, C.J., and MILLER, J., concur.