John Lee KELLY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–9307–PC–246.

Court of Appeals of Indiana,
Third District.

Dec. 16, 1993.

Mark A. Bates, Crown Point, for appellant-defendant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant John Lee Kelly appeals from the denial of his petition to file a belated praecipe following denial of his petition for post-conviction relief following his conviction for robbery and commission of a crime while armed.

On June 30, 1970, an information was filed against Kelly charging him with robbery and commission of a crime while armed. Following a jury trial, Kelly was found guilty of robbery. Judgment was entered on February 10, 1971, and Kelly was sentenced to serve 10 to 25 years. James Kimbrough was appointed counsel for the purpose of perfecting an appeal.

On March 8, 1971, Kelly filed a petition for post-conviction relief. On April 7, 1971, the court dismissed his petition without prejudice and ordered attorney Kimbrough to file a belated motion to correct error. Thereafter, Kelly filed another petition for post-conviction relief and a belated motion to correct error. On April 17, 1972, the motion was denied. Subsequently, the court amended Kelly's sentence, which it found to be erroneous, and ordered that his sentence be reduced. On September 18, 1972, attorney Bernard Tetek was appointed for purposes of appeal. On December 8, 1975, Kelly was discharged from his parole.

On February 25, 1992, Kelly filed a motion for transcript. Kelly also filed a motion for transcript and a request to file a belated motion to correct error on May 12, 1992. The motions and request were denied. On March 31, 1993, Kelly filed a petition for permission to file a belated praecipe. The petition was denied. Kelly now appeals from the denial of permission to file a belated praecipe.

Kelly's sole claim on appeal is that the trial court abused its discretion in denying his petition to file a belated praecipe. Twenty-two years after being convicted and after filing various motions to correct error and petitions for post-conviction relief, Kelly filed a petition for permission to file a belated praecipe on March 31, 1993. The trial court denied his petition.[1] Kelly now contends that the trial court erred in denying his petition.

At the time Kelly filed his petition, Indiana Post–Conviction Rule 2 provided:

"Section 1. Belated Praecipe. Where a defendant convicted after a trial or plea of guilty fails to file a timely praecipe, a petition for permission to file a belated praecipe may be file with the trial court, where:

(a) the failure to file a timely praecipe was not due to the fault of the defendant; and

---

1. We note that in a post-conviction proceeding the trial court is required to make specific findings of fact and conclusions of law sufficient to enable the reviewing court to dispose of the appeal. Indiana Post–Conviction Rule 1 § 6; *Grigsby v. State* (1987), Ind., 503 N.E.2d 394, 397. In the present case, although the order of the court was general in nature, this Court need not remand for more specific findings since the facts underlying Kelly's claims are not in dispute and the issues are sufficiently presented for review. *See id.*

(b) the defendant has been diligent in requesting permission to file a belated praecipe under this rule.

The trial court shall consider the above factors in ruling on the petition. Any hearing on the granting of a petition for permission to file a belated praecipe shall be conducted according to Section 5, Rule P.C. 1.

If the trial court finds grounds, it shall permit the defendant to file the belated praecipe, which praecipe shall be treated for all purposes as if filed within the prescribed period.

If the trial court finds no grounds for permitting the filing of a belated praecipe, the defendant may appeal such denial by filing a praecipe within (30) days of said denial."

■ Kelly has the burden of proving his grounds for relief by a preponderance of the evidence. *Tredway v. State* (1991), Ind.App., 579 N.E.2d 88, 90, *trans. denied.* Deciding whether the defendant is responsible for the delay is within the trial court's discretion. *Id.* A defendant must be without fault in the delay of filing. *Long v. State* (1991), Ind.App., 570 N.E.2d 1316, 1318. There are no set standards defining delay or diligence; each case must be decided on its own facts. *Bailey v. State* (1982), Ind., 440 N.E.2d 1130, 1131. Factors affecting the determination include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights and whether he committed an act or omission which contributed to the delay. *Tredway*, 579 N.E.2d at 90 (citing *Long*, 570 N.E.2d at 1318).

■ Kelly was informed of his right to appeal. During his joint sentencing hearing held on February 10, 1971, the trial judge stated:

"Now both of you have a right to file a Motion for Correction of any error made in this particular trial. You have Sixty (60) days to present a Motion To Correct Errors. You are also entitled to appeal this matter if you wish to, but you must file your motion timely. Your attorneys will instruct you about that. If you are financially unable to employ counsel, the Court will provide you with counsel...."

At this time Kelly stated that he desired to appeal and that he would be filing a motion to correct error. From March through November 1971, Kelly filed three petitions for post-conviction relief and one belated motion to correct error. Between February and September 1973, Kelly exchanged letters with various officials regarding his appeal and appointed counsel. These letters reflect Kelly's understanding of the legal system and need to file an appeal.

According to the minutes of the trial court, after filing a petition for post-conviction relief on November 30, 1971, Kelly did not make another motion in this case until February 25, 1992, when he filed a motion for transcript. Kelly contends that any delay was a result of appointed counsel. However, Kelly's last letter concerning his problem with representation was written in 1973. Even if this Court were to assume that Kelly should not be prejudiced by the delay from February 1971 to September 1973, he cannot escape from accountability for his more than 18–year delay ending in February 1992.

*See Wilhite v. State* (1980), 273 Ind. 56, 59, 402 N.E.2d 1211, 1212 (petitioner may not be exempt from showing he exercised diligence by showing that fault was, in part, not chargeable to him); *Boys v. State* (1978), 269 Ind. 628, 630, 382 N.E.2d 912, 913.

The trial court did not abuse its discretion in finding that Kelly was not diligent in requesting permission to file a belated praecipe under P–C.R. 2 § 1. The judgment of the trial court is affirmed.

Affirmed.

SHARPNACK, C.J., and STATON, J., concur.