**Vincent TREDWAY, Petitioner–Appellant,**

**v.**

**Robert A. FARLEY and State of Indiana, Respondents–Appellees.**

**No. 93–1194.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 1, 1994.*

Decided Sept. 13, 1994.

See also, 542 N.E.2d 1345, 579 N.E.2d 88.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Vincent Tredway, pro se.

Wayne E. Uhl, Deputy Atty. Gen., Gary D. Secrest, Office of Atty. Gen., Indianapolis, IN, for respondents-appellees.

Before CUMMINGS, BAUER, and FLAUM, Circuit Judges.

PER CURIAM.

Vincent Tredway, proceeding *pro se*, appeals from a final judgment of the district court dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

I.

On September 4, 1980, Tredway pleaded guilty in an Indiana state court to theft, a Class D felony under Indiana law. *See* Ind. Code § 35–43–4–2. Tredway was sentenced to two years' imprisonment. Tredway did not appeal his conviction or sentence. On May 5, 1982, Tredway, pursuant to Indiana law, filed a petition for post-conviction relief in the Indiana trial court. In his petition Tredway asserted that his guilty plea was involuntary and unsupported by an adequate factual basis. The petition was denied by the

Indiana trial court on the same day it was filed.

On May 13, 1982, Tredway's attorney in the post-conviction proceeding wrote a letter to Tredway informing him of the trial court's decision and his right to appeal. The letter also stated in part as follows:

> I note that you are serving a two year term and that your sentencing date was October 2, 1980. You will, therefore, be released from custody before you will receive a decision on the appeal. Under these circumstances, it really may not be worthwhile doing it. Even if you win, it will do nothing to reduce your sentence. Consequently, I cannot, in good faith, recommend you doing one.

Under governing Indiana law at the time of these proceedings, the first step in perfecting an appeal was the filing of a motion to correct error. Ind.Ann.Code tit. 35, Crim. P.Rule 16 (West 1981). Tredway initially requested his attorney to file a motion to correct error. After meeting with his attorney in prison, however, Tredway withdrew the motion to correct error on the advice of counsel.

In 1984 the State of Indiana charged Tredway with rape and sought to enhance his sentence for being an habitual offender under Indiana law, based in part on his 1980 theft conviction. The rape charge and habitual offender allegation were dismissed pursuant to a plea agreement under which Tredway pleaded guilty to a misdemeanor.

On June 25, 1987, Tredway was convicted by an Indiana jury of a subsequent rape charge and found to be an habitual offender under the Indiana recidivist offender statute. *See* Ind.Code § 35–50–2–8. Tredway's status as an habitual offender was based on both his 1980 theft conviction as well as a 1979 Indiana state theft conviction. Tredway received a sentence of forty years' imprisonment on the rape conviction enhanced by thirty years as a result of his habitual offender status, producing a total sentence of seventy years' imprisonment. The Supreme Court of Indiana affirmed Tredway's conviction and sentence on direct appeal. *Tredway v. State*, 542 N.E.2d 1345, 1347 (Ind.1989).

On March 2, 1988, the attorney representing Tredway in the appeal of his rape conviction informed Tredway that he could appeal his prior theft convictions in belated post-conviction proceedings. On May 15, 1989, Tredway filed a petition for permission to file a belated praecipe under Indiana Post–Conviction Remedy Rule 2 attacking the denial of his post-conviction relief which challenged his 1980 theft conviction. Indiana Post–Conviction Remedy Rule 2, § 1 provides that an Indiana trial court shall grant such a petition when "(a) the failure to file a timely praecipe was not due to the fault of the defendant; and (b) the defendant has been diligent in requesting permission to file a belated praecipe under this rule." Tredway bore the burden of proving his grounds for relief by a preponderance of the evidence. *Long v. State*, 570 N.E.2d 1316, 1318 n. 3 (Ind.Ct. App.1991). The Indiana trial court denied the petition after holding a hearing.

The Court of Appeals of Indiana affirmed. *Tredway v. State*, 579 N.E.2d 88, 91 (Ind.Ct. App.1991). The court determined that the trial court properly found that Tredway was at fault under Post–Conviction Remedy Rule 2 § 1(a) for failing to file a timely praecipe because "appealing the denial of his post-conviction relief simply was not important to him until he was adjudicated an habitual offender." *Id.* at 90. The court also held that the trial court did not abuse its discretion in finding that Tredway was not diligent in requesting permission to file a timely praecipe under Rule 2 § 1(b) because Tredway waited almost two years after being adjudicated an habitual offender to initiate an appeal of the denial of his post-conviction relief. *Id.* at 91. The Supreme Court of Indiana denied Tredway's petition for transfer without opinion.

Tredway then filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the district court. The petition raised the same challenges to the 1980 guilty plea that Tredway had raised in his petition for post-conviction relief filed in the Indiana trial court in 1982. The petition also asserted that Tredway had been denied his constitutional rights to appeal and collaterally attack his 1980 theft conviction. The district court

denied the petition without prejudice on the ground that the decision of the Court of Appeals of Indiana affirming the denial of Tredway's petition for permission to file a belated praecipe was based on independent and adequate state grounds under *Crank v. Duckworth,* 969 F.2d 363 (7th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1290, 122 L.Ed.2d 682 (1993), and Tredway had failed to establish cause for this procedural default or actual prejudice resulting from the alleged violations of federal law, or that the failure to consider the claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2564, 115 L.Ed.2d 640 (1991). Tredway now appeals.

## II.

■ As a preliminary matter, we must determine whether we have jurisdiction to consider Tredway's petition for a writ of habeas corpus. 28 U.S.C. § 2254(a) grants federal courts jurisdiction to entertain a petition for relief from a person who, at the time the petition is filed, is "in custody" for the conviction the petitioner is challenging. "Because a person currently serving a sentence that was enhanced on the basis of a prior conviction is still in custody, he may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's custodial term has expired." *Smith v. Farley,* 25 F.3d 1363, 1365–66 (7th Cir.1994); *accord Maleng v. Cook,* 490 U.S. 488, 492–94, 109 S.Ct. 1923, 1926–27, 104 L.Ed.2d 540 (1989); *Crank v. Duckworth,* 905 F.2d 1090, 1091 (7th Cir.1990), *cert. denied,* 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991) (*"Crank I "*). We therefore have jurisdiction to consider this petition.

The district court relied exclusively on our decision in *Crank v. Duckworth,* 969 F.2d 363 (7th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1290, 122 L.Ed.2d 682 (1993) (*"Crank II "*), in denying Tredway's petition. In *Crank II,* the petitioner was convicted of second-degree burglary by an Indiana jury in 1974. *Crank II,* 969 F.2d at 363. After the petitioner stated in open court that he wished to appeal, the trial court instructed the petitioner's attorney to perfect an appeal. *Id.*

The attorney, however, never filed a motion to correct error and thus failed to perfect the appeal. *Id.* at 364. The petitioner was subsequently convicted of two counts of battery in 1981. *Id.* His sentence for this crime was increased by thirty years under the Indiana recidivist statute, based on his 1974 conviction. *Id.* In 1986, five years after receiving his sentence under the Indiana recidivist statute, the petitioner filed a petition for permission to file a belated praecipe under Indiana Post–Conviction Remedy Rule 2. *Id.* The Indiana trial court denied the petition on the ground that the petitioner "had not been diligent in seeking to file such a motion, having waited twelve years to do so." *Id.* The Court of Appeals of Indiana affirmed, and the Supreme Court of Indiana denied a petition for transfer. *Id.* The petitioner then filed a petition for a writ of habeas corpus, which the district court granted. *Id.*

A panel of this circuit reversed the district court's grant of the writ. *Id.* at 366. We reasoned that the Indiana state courts' refusal to address the petitioner's federal claims was based on an independent and adequate state procedural rule, and that the petitioner had failed to establish cause for this procedural default because the petitioner had not been diligent in pursuing his right to appeal. *Id.* Although we stated that the petitioner's twelve-year delay between his 1974 conviction and the filing of his belated post-conviction petition "caused his default," both the majority opinion and the concurrence emphasized that this twelve-year period included five years after the 1974 conviction was used to enhance the petitioner's 1981 sentence. *Id.* at 366 n. 3 and 368 (Flaum, J., concurring). Footnote three of the majority opinion stated that if this five-year period had been the only delay, "it is still likely that the state court would have denied his motion as untimely." *Id.* at 366 n. 3. The majority opinion concluded as follows:

> Petitioner knew in 1981 that the 1974 conviction had been used to increase the length of his confinement. If he was truly interested in challenging that conviction he had an obligation under Rule 2 to act diligently. By not doing so he ran afoul of

a state procedural rule, and as a result the federal courts will not entertain his claims. *Id.* at 366 (footnote omitted).

After *Crank II*, then, it was unclear in this circuit whether a state court's refusal to consider a petitioner's federal claims concerning a prior conviction, caused solely by the length of time between the prior conviction and the imposition of an enhanced sentence based on that conviction, constituted a procedural default under the independent and adequate state grounds doctrine. As the concurrence recognized in *Crank II*, it would be "incongruous" to hold, as this court did in *Crank I*, that a prisoner whose present custody had been augmented by a prior conviction could collaterally challenge the prior conviction while serving the present sentence, yet also hold that such a collateral challenge would be precluded by "laches-*i.e.,* procedural default"—based on the prisoner's lack of diligence in failing to raise such a challenge earlier. *Id.* at 367 (Flaum, J., concurring). The majority opinion had no occasion to address this issue because the petitioner's delay *after* receiving his enhanced sentence was sufficient to constitute procedural default. *Id.* at 366 n. 3.

Subsequent developments in this circuit since *Crank II* have clarified the scope of our holding in that case. In *Smith v. Farley*, 25 F.3d 1363, 1367–68 (7th Cir.1994), we held that, unless a defendant "has already used his initial collateral review for his prior conviction," "a defendant's failure to use an initial opportunity to obtain review of a state conviction—in a direct appeal or collaterally, while still serving the sentence—should not bar him from obtaining later indirect review of the conviction now being used in a wholly new manner." We further stated that "if a defendant does not have access to a fair procedure in a state court affording him a review, on the merits, of the constitutionality of a prior conviction after it has been incorporated into a new, enhanced sentence, a federal court may properly grant him such review." *Id.* at 1368. This holding was based on "the systemic concerns of both fairness and efficiency." *Id.* A convicted person seeking to make a rational determination whether to challenge his conviction does not

have "relevant insight into the long-term repercussions of his choice," and therefore "may not have the informed incentive to make the most efficient, and therefore personally appropriate decision." *Id.*

The Court of Appeals of Indiana, the last state court to address Tredway's petition for permission to file a belated praecipe, held that Tredway had failed to satisfy both requirements of Indiana Post–Conviction Remedy Rule 2 § 1. *Tredway v. State*, 579 N.E.2d at 90–91. Specifically, the Indiana appellate court held that (1) Tredway had failed to meet his burden of showing that he was without fault in failing to file a timely praecipe, and (2) Tredway had failed to demonstrate that he had been diligent in requesting permission to file a belated praecipe under the rule. *Id.* at 90; *see also* Indiana Post–Conviction Remedy Rule 2 § 1. Each of these holdings may potentially be considered an independent and adequate state ground for the default of Tredway's federal claims in the Indiana state courts. We will examine each of these grounds in turn to determine if they are consistent with *Smith's* requirement that a defendant receive a full and fair opportunity to receive a fact-intensive review, on the merits, of the constitutionality of a prior conviction after it has been incorporated into a new, enhanced sentence unless the defendant has already pursued his initial collateral review for his prior conviction. *Smith*, 25 F.3d at 1368.

### A

The Court of Appeals of Indiana first held that Tredway had failed to satisfy Indiana Post–Conviction Remedy Rule 2 § 1 because Tredway had failed to show that he was without fault in failing to file a timely praecipe. *Tredway v. State*, 579 N.E.2d at 90. The court reasoned that Tredway knew of his right to appeal all along, and did not appeal earlier because such an appeal "simply was not important to him until he was adjudicated an habitual offender." *Id.* This reasoning can hardly be thought consistent with *Smith*. Indeed, the very concerns of fairness and efficiency which motivated *Smith's* requirement that a prisoner receive a full and fair opportunity to litigate his

federal claims after enhancement are present in this case.

■ Tredway's first petition for post-conviction relief was denied by the Indiana trial court on the same day it was filed in 1982, and Tredway did not perfect an appeal. Tredway thus cannot be said to have "used his initial collateral review for his prior conviction" within the meaning of *Smith*. *Smith*, 25 F.3d at 1368. Tredway did not appeal on the advice of his attorney, who informed him that he would be released from custody prior to receiving a decision on appeal, and a favorable decision on appeal would not reduce his sentence. Thus, from Tredway's perspective, perfecting an appeal from the trial court's denial of his post-conviction petition in 1982 would have accomplished very little. Tredway did not have "the informed incentive to make the most efficient, and therefore personally appropriate decision" in 1982 concerning whether to collaterally challenge his conviction. *Id.* The Indiana appellate court's holding that Tredway should have challenged his 1982 conviction prior to receiving his enhanced sentence deprived Tredway of a full and fair opportunity to receive a fact-intensive review, on the merits, of the constitutionality of his 1980 conviction after enhancement. To hold that the Indiana appellate court's ruling is an independent and adequate state ground which bars us from considering Tredway's constitutional claims would deprive Tredway of this full and fair opportunity in federal court and therefore would violate *Smith*. We conclude that the Indiana appellate court's ruling that Tredway violated Indiana Post–Conviction Remedy Rule 2 § 1(a) may not be considered a procedural default under the independent and adequate state grounds doctrine.

■ Our conclusion does not conflict with the holding of the Supreme Court in *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." This language, which at first blush might be read as barring Tredway's federal claims under the independent and adequate state grounds doctrine for violating Rule 2 § 1(a), cannot be taken literally. *Coleman* involved a post-conviction state court petition for relief of a prisoner convicted by a state jury of rape and capital murder. *Id.* at 726–27, 111 S.Ct. at 2552–53. The Virginia Supreme Court dismissed this petition solely on state procedural grounds independent of federal law. *Id.* at 744, 111 S.Ct. at 2561–62. The petitioner in *Coleman* was not sentenced under a state recidivist statute and was not collaterally challenging a prior conviction which had been used to enhance his present sentence. Significantly, the Supreme Court did not mention the fairness and efficiency concerns we recognized in *Smith* concerning whether a prisoner should be permitted such a collateral challenge. The Court has twice recognized that these challenges are distinct from other collateral challenges and has expressly declined to consider whether such challenges are constitutionally required. *Parke v. Raley*, —— U.S. ——, ——, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992); *Maleng*, 490 U.S. at 494, 109 S.Ct. at 1927; *cf. Lewis v. United States*, 445 U.S. 55, 67, 100 S.Ct. 915, 921–22, 63 L.Ed.2d 198 (1980) (A sentencing enhancement law "depend[s] upon the reliability of a past ... conviction."). Moreover, in *Custis v. United States*, —— U.S. ——, ——, 114 S.Ct. 1732, 1739, 128 L.Ed.2d 517 (1994), the Court held that a defendant "in custody" for prior state convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e), could attack his state sentences through federal habeas review and, if successful, "apply for reopening of any federal sentence enhanced by the state sentences." This holding is fully consistent with *Smith's* requirement that a prisoner receive a full and fair opportunity to litigate his federal claims after enhancement. We conclude that the "all cases" language of *Coleman* was not meant to encompass all collateral challenges to prior convictions used to enhance subsequent sentences.

"[O]nce the State breathes new life into a dormant conviction, it only seems appropriate that the defendant should then have the opportunity to challenge the conviction's validity." *Cuppett v. Duckworth*, 8 F.3d 1132, 1151 n. 1 (7th Cir.1993) (en banc) (Cudahy, J., dissenting), *cert. denied*, —— U.S. ——, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994). To deny Tredway review of his federal claims on the basis that he did not challenge the conviction in a collateral action prior to enhancement is to deny Tredway the full and fair opportunity to litigate his claims provided by *Smith*. Consequently, we will not permit Indiana to assert pre-enhancement delay as an independent and adequate state ground barring federal habeas review of Tredway's claims.

### B

■ Tredway's delay in filing his petition for permission to file a belated praecipe after his 1980 conviction had been used to enhance his present sentence is a different matter entirely. The Court of Appeals of Indiana expressly held that Tredway was not diligent in waiting two years after being adjudicated an habitual offender to initiate an appeal of the denial of his post-conviction relief. *Tredway v. State*, 579 N.E.2d at 91. This may be considered an independent and adequate state ground for the denial of Tredway's petition because Indiana Post Conviction Remedy Rule 2 § 1(b) provides that, in order for the trial court to grant the petition, the defendant must have been "diligent in requesting permission to file a belated praecipe under this rule."

We conclude that the Indiana appellate court's holding does not conflict with *Smith*. *Smith*, of course, did not establish an absolute right to a full and fair post-enhancement review of the merits of a prisoner's federal claims; *Smith* merely established that a prisoner must receive an *opportunity* for such a review. Indiana Post Conviction Remedy Rule 2 § 1(b) has provided Tredway with such an opportunity. The Indiana court held that Tredway's petition was barred because he had waited two years after receiving his enhanced sentence before filing his petition. If Tredway had filed his petition promptly

after enhancement, the trial court might very well have granted the petition. "We cannot insist that states disregard rules of finality and threaten that, if they adhere to the rules, we will not." *Smith*, 25 F.3d at 1368; *see also Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir.1990) (A defendant "has an obligation to take a minimal interest in his own defense.").

■ We must next determine whether Tredway's failure to follow Rule 2 § 1(b) is independent and adequate within the meaning of *Coleman*. A state ground is independent "only if the state court actually relied on a state rule sufficient to justify its decision." *Prihoda v. McCaughtry*, 910 F.2d 1379, 1382 (7th Cir.1990). A state ground is adequate "only if the state court acts in a consistent and principled way." *Id.* at 1383. "A basis of decision applied infrequently, unexpectedly, or freakishly may be inadequate, for the lack of notice and consistency may show that the state is discriminating against the federal rights asserted." *Id.* The Court of Appeals of Indiana based the denial of Tredway's petition on Indiana Post–Conviction Remedy Rule 2; the silence of the Supreme Court of Indiana in denying Tredway's petition for transfer does not change the ground for decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594–95, 115 L.Ed.2d 706 (1991); *Prihoda*, 910 F.2d at 1383. The appellate court's decision is also consistent with Indiana law. Indiana case law concerning a belated motion to correct error petition controls belated praecipe petitions, *Long v. State*, 570 N.E.2d at 1318, and the denial of Tredway's petition is consistent with that case law. *See, e.g., Collins v. State*, 420 N.E.2d 880, 882 (Ind.1981); *Zellers v. State*, 271 Ind. 22, 389 N.E.2d 299, 301–03 (1979); *Jones v. State*, 270 Ind. 556, 387 N.E.2d 1313, 1315 (1979); *Cottingham v. State*, 266 Ind. 64, 360 N.E.2d 189, 190–91 (1977).

■ Tredway cannot establish cause for his procedural default. Tredway asserts that he was unaware of his ability to file a belated petition until an Indiana public defender informed him of this option on March 2, 1988. Tredway asserts that the further delay in the filing of his petition was due to the heavy caseload of the Public Defender's Office.

These arguments are squarely foreclosed by *Crank II* and *Henderson.* A defendant "has an obligation to take a minimal interest in his own defense." *Henderson,* 919 F.2d at 1272; *see also Crank II,* 969 F.2d at 368 (Flaum, J., concurring). Further, the Supreme Court made clear in *Coleman* that, since there is no constitutional right to an attorney in state post-conviction proceedings, any attorney error which leads to the default of federal claims in state court "cannot constitute cause to excuse the default in federal habeas." *Coleman,* 501 U.S. at 757, 111 S.Ct. at 2568. Since there is no cause for Tredway's procedural default, we need not reach the issue of prejudice. *Crank II,* 969 F.2d at 366 n. 4. Tredway also does not contend that federal review of his claims is necessary to prevent a fundamental miscarriage of justice. Tredway's claims therefore are barred under independent and adequate state grounds.

### III.

The district court denied Tredway's petition without prejudice. We perceive no rationale for this action. The respondents have recognized the district court's error and have requested that the district court's judgment be modified to reflect a dismissal of the petition with prejudice. It is well-established, however, that an appellee may not attack a judgment in order to enlarge his own rights thereunder without filing a cross-appeal. *E.g., United States v. American Ry. Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 563–64, 68 L.Ed. 1087 (1924); *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990); *Jordan v. Duff & Phelps, Inc.,* 815 F.2d 429, 439 (7th Cir.1987), *cert. dismissed,* 485 U.S. 901, 108 S.Ct. 1067, 99 L.Ed.2d 229 (1988). The respondents have not filed a cross-appeal, and therefore we will not modify the district court's judgment.

AFFIRMED.