Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 07 2014, 9:29 am
CLERK
of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY FULBRIGHT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1309-CR-789 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Anne Flannelly, Commissioner
Cause No. 49G04-1106-FA-046740

**May 7, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Larry Fulbright ("Fulbright") appeals the trial court's denial of his petition to file a belated notice of appeal.

We reverse.

**Facts and Procedural History**

On July 6, 2011, the State charged Fulbright with Count I, Class A felony child molesting and Count II, Class D felony dissemination of matter harmful to a minor. Five months later, on December 12, 2011, Fulbright pleaded guilty as charged without a plea agreement. The trial court held Fulbright's sentencing hearing on January 3, 2012. At the hearing, the following exchange occurred:

> Trial court: Because this was an open sentence it's one against which you have the right to take the appeal—take an appeal of what sentence that I've given you. When we did your guilty plea I advised you were giving up your right to appeal the guilty finding or the conviction but not the right to appeal the sentence. So if you disagree with the sentence or believe that I made an error you would need to file what's called a motion to correct errors within 30 days. If that's denied than you'd have another thirty days from the date it was denied in which to file an appeal. If you want to appeal my sentence you have the right to take an appeal but you have to file the notice within thirty days. Do you understand?
>
> Fulbright: Yeah
>
> Trial court: Do you know now if you wish to take an appeal?
>
> Defense counsel: I haven't discussed that with him, Judge. I can talk with him about that and see what he wants to do . . ..
>
> ***
>
> Trial court: Okay.
>
> Defense counsel: I can advise the Court today if he lets me know today but I'll at least let him know what's going on with it.

2

Trial court: Okay. If you do decide to take an appeal, I'm obligated to provide an attorney to represent you at that appeal. So upon the notice that you wish an appeal I will appoint pauper appellate counsel, all right?

Fulbright: Yeah.

Tr. pp. 36-37.

The trial court ordered Fulbright to serve an aggregate sentence of thirty years in the Department of Correction. The same day, the trial court appointed appellate counsel for Fulbright. However, due to "some glitch," the Marion County Public Defender's Agency did not receive notice of the appointment and, thus, filed no timely notice of appeal. Tr. p. 45.

Fulbright thereafter sent a letter to the trial court requesting a copy of his sentencing order and abstract of judgment. On February 23, 2012, the trial court sent the requested documents to Fulbright. A month later, on March 19, 2012, Fulbright filed a *pro se* request with the trial court for free copies of the transcripts of his guilty plea and sentencing hearings for the purpose of filing a petition for post-conviction relief. In a handwritten entry on Fulbright's petition, the trial court denied Fulbright's request, stating, "Motion reviewed and denied in that nothing is pending." Appellant's App. p. 51. Fulbright filed a second request for free copies of the transcripts, which the trial court again denied on April 2, 2012, stating, "A transcript of the record in a criminal conviction will not be furnished an indigent defendant unless the application is made by the public defender; and such order must not be made frivolously, or without proceedings having been commenced for an appeal or review." Appellant's App. p. 67.

On April l9, 2012, Fulbright wrote a letter to the clerk of the trial court, requesting information on the cost of a transcript of his guilty plea and sentencing hearings. The clerk responded by advising Fulbright that he would need to contact the trial court's court reporter for information about the transcript. Several days later, on April 30, 2012, Fulbright wrote to the court reporter asking for information about the cost of the transcripts. The record is not clear as to whether the court reporter ever answered Fulbright's inquiry.

On November 12, 2012, Fulbright's mother contacted attorney Lisa Johnson ("Johnson") to inquire about post-conviction representation for Fulbright. Johnson began working on Fulbright's case and contacted the Marion County Public Defender Agency on August 23, 2013.

On August 30, 2013, over a year and a half after Fulbright's sentencing hearing, the Marion County Public Defender Agency filed on Fulbright's behalf a verified motion to set hearing for presentation of evidence on motion to file belated notice of appeal. The trial court held an evidentiary hearing on September 6, 2013. One week later, on September 13, 2013, the trial court issued an order denying Fulbright's request for leave to file a belated notice of appeal, noting that Fulbright had been advised of his appellate rights at both his guilty plea hearing and his sentencing hearing and finding that Fulbright "contributed to the delay in the filing of a notice of appeal." Appellant's App. p. 20. The trial court's order also found that Fulbright had been diagnosed with autism when he was in the first grade and that Fulbright had no prior convictions.

Fulbright now appeals the trial court's denial of his request to file belated notice of appeal.[1]

**Discussion and Decision**

Fulbright argues that the trial court abused its discretion in denying Fulbright's motion for leave to file a belated notice of appeal. Generally, the decision whether to grant permission to file a belated notice of appeal or belated motion to correct error is within the sound discretion of the trial court. Moshenek v. State, 868 N.E.2d 419, 422 (Ind. 2007), reh'g denied. We may find an abuse of discretion where the trial court's ruling was based on an error of law or a clearly erroneous factual determination. Id. at 423-424.

Indiana Post-Conviction Rule 2 permits a defendant to seek permission to file a belated notice of appeal and provides that:

(a) Required Showings. An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;

(1) the defendant failed to file a timely notice of appeal;
(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
(3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

It is the defendant's burden to prove by a preponderance of the evidence "that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal." Moshenek, 868 N.E.2d at 422-423. There are no set

---

[1] The trial court clerk filed its notice of completion of the clerk's record on November 26, 2013. Therefore, Fulbright's appellant's brief was due by December 26, 2013. Because appellate counsel missed the deadline for submission of Fulbright's appellant's brief, this court granted Fulbright's motion for leave to file a belated appellant's brief.

standards of fault or diligence, and each case turns on its own facts. Id. at 423. Our supreme court has held that several factors are relevant to the defendant's diligence and lack of fault in the delay of filing. Id. "These include 'the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay.'" Id. (citing Tredway v. State, 579 N.E.2d 88, 90 (Ind. Ct. App. 1991), trans. denied). The court also set forth factors specifically related to diligence, including "the overall passage of time; the extent to which the defendant was aware of relevant facts; and the degree to which delays are attributable to other parties . . . ." Id.

Fulbright argues that the failure to timely file a notice of appeal from his sentence was not his fault and that, instead, it was appointed appellate counsel who failed in his or her duty. Fulbright also maintains that he was diligent in requesting permission to file a belated notice of appeal, and that his repeated requests to the trial court for copies of his transcripts provide clear indication of his intent to appeal. We agree.

The record reveals that, on the day of his sentencing hearing, Fulbright notified the trial court of his wish to appeal his sentence. At the hearing, the trial court told Fulbright that it would appoint appellate counsel only if Fulbright notified the court that he planned to appeal. The fact that the trial court, later that day, appointed appellate counsel supports a reasonable inference that Fulbright had indicated to the trial court his intention to appeal.

6

Fulbright had no previous experience with the criminal justice system, was developmentally disabled, and was assured by the trial court that it would appoint appellate counsel to bring his appeal. Though he evidently intended to appeal his sentence, Fulbright testified at the September 6, 2013 hearing that at the time he was sentenced, he did not understand the appellate process. It follows that Fulbright would not likely have known to take measures to ensure that his appointed appellate counsel was fulfilling its obligations.

Under these facts and circumstances, we conclude the failure to file a timely notice of appeal was not due to the fault of Fulbright. See Russell v. State, 970 N.E.2d 156 (Ind. Ct. App. 2012) (holding that the defendant was entitled to permission to file a belated notice of appeal relating to his sentence after negotiated guilty plea, where defendant had indicated at sentencing that he intended to appeal, sentencing court stated that state public defender's office would assign appellate counsel, state public defender was appointed but the office did not have defendant's case in their internal database and did not receive information about the appointment until three months after appointment order, and defendant's mother contacted court staff three times to inquire about status of defendant's appeal); see also Jordan v. State, 988 N.E.2d 394 (Ind. Ct. App. 2013) (holding that a 879-day delay in the filing of a notice of appeal was not the defendant's fault, where defendant verbalized that he wished to appeal at conclusion of sentencing hearing, but defense attorney intervened, stating that he would like that time to discuss the possibility of an appeal with defendant and his family, and almost immediately after that, while defendant was incarcerated, attorney died); Powell v. State, 268 Ind. 134, 135-36, 374

N.E.2d 495 (1978) (holding that where no timely and adequate motion to correct errors had been filed, state public defender was at fault for not filing timely appeal from denial of post-conviction relief, and defendant had been diligent in seeking permission to file belated motion, defendant was entitled to file his belated motion to correct errors in connection with previous denial of post-conviction relief).

We further conclude that Fulbright diligently sought permission to file a belated notice of appeal under Indiana Post-Conviction Rule 2. Fulbright's repeated letters and requests to the trial court and his meeting with counsel Lisa Johnson, though framed in the context of his pursuit of post-conviction relief, speak to his diligence rather than any lack thereof and also to his lack of familiarity with the appellate process. Under these facts and circumstances, we conclude that Fulbright was diligent in requesting permission to file a belated notice of appeal. See Russell v. State, 970 N.E.2d 156 (Ind. Ct. App. 2012) trans. denied (concluding that defendant was entitled to permission to file belated notice of appeal where defendant's mother contacted county clerk's office or court staff three times to inquire about status of defendant's appeal, and, while there was 33-day delay between filing of appearance of appellate counsel and filing of petition for permission to file a belated notice of appeal, that petition contained multiple exhibits including two affidavits).

**Conclusion**

Under the unique facts and circumstances in this case, Fulbright's failure to file a timely notice of appeal was not due to his own fault, and he diligently pursued permission

8

to file a belated notice of appeal.  We therefore conclude that the trial court abused its

discretion when it denied his petition for leave to file belated appeal.

Reversed.

FRIEDLANDER, J., and PYLE, J., concur.