105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Victor T. STEELE, Petitioner-Appellant,
v.
Robert A. FARLEY, Respondent-Appellee.
 No. 95-2277.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.*
Decided Dec. 11, 1996.
 
 Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Victor Steele filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, alleging that he was incompetent to plead guilty to rape and that the state trial court failed to conduct a competency hearing. He now appeals from the district court's judgment dismissing his petition. Because Steele has not demonstrated that he is entitled to relief under § 2254, we affirm.
 
 
 2
 After the district court denied Steele's habeas petition on the merits, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, which contains provisions curtailing the scope and availability of federal habeas corpus relief. As recently explained in Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc), the new law is generally applicable to pending § 2254 petitions filed prior to its enactment. The state has also argued the applicability of the new law to this case.[1] Among other changes, Section 2254(d) of the statute now provides that habeas petitions shall not be granted with respect to any claim adjudicated on the merits in state court proceedings (as this was) unless (1) the state court decision is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Id. at 861.
 
 
 3
 With these standards in mind, we turn to the merits of Steele's appeal. Due process principles require a defendant who pleads guilty to have a sufficient ability to consult with his lawyer with a reasonable degree of rational understanding, and a rational as well as factual understanding of the proceedings against him. See Godinez v. Moran, 509 U.S. 389, 396-98 (1993); Dusky v. United States, 362 U.S. 402 (1960). A court must order a competency hearing whenever the evidence raises a "bona-fide doubt" as to a defendant's competence. Pate v. Robinson, 383 U.S. 375 (1966); See also United States v. Morgano, 39 F.3d 1358, 1373 (7th Cir.), cert. denied, 115 S.Ct. 2559 (1994) ("the failure to grant [a competency] hearing in the face of sufficient evidence to establish reasonable cause to believe that a defendant is mentally competent is a violation of due process."). The relevant factors to be considered in assessing the issue of competency are a defendant's "irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." Drope v. Missouri, 420 U.S. 162, 180 (1975). In sum, there must be some manifestation, some conduct, on the defendant's part to trigger a reasonable doubt of his competency. See id. As part of making this objective inquiry, a court may also consider the attorney's representations concerning the defendant's competency. Id. at 177 (noting that with respect to determining competency, "it is nevertheless true that judges must depend to some extent on counsel to bring issues into focus").
 
 
 4
 The arguments raised by Steele do not support a conclusion that the state court's adjudication of his competency was contrary to, or constituted an unreasonable application of, clearly established federal law as determined by the Supreme Court. We thus limit our review to considering whether the state unreasonably determined that Steele was competent to plead guilty and that a competency hearing was not necessary. Steele maintains that there was sufficient evidence before the judge taking his plea to demonstrate his incompetency and that this evidence created sufficient doubt to necessitate the judge to order a competency hearing. Steele claims that his competency was called into doubt after the judge learned that Steele was on a different dosage of medication at the time of the hearing than when he underwent the psychological evaluations which resulted in a medical opinion that he was competent. Further, he maintains that the judge diagnosed Steele as competent, rather than ordering a new competency hearing, after learning about Steele's changed drug levels. Despite these claims, we find nothing in the record to show that the trial judge was aware of any circumstances that would have called Steele's competency into doubt. In fact, Steele stated at the hearing that despite his medication he understood the judge and the nature of the plea proceedings. Moreover, Steele's counsel did not consider Steele's competency to be at issue:
 
 
 5
 THE COURT: [ ] Mr. Steele, are you today under the influence of alcohol or any drug or medication that would impair your ability to understand the nature of our discussions?
 
 
 6
 MR. STEELE: Uh, I'm on Lithium, I'm on tranquilizers, I'm on laxatives, but I don't think anything is impaired.
 
 
 7
 JUDGE: Well, I assume you'll advise me if you're having difficulty understanding something?
 
 
 8
 MR. STEELE: O.K.
 
 
 9
 PUBLIC DEFENDER: My understanding, Your Honor, is that the drugs that he is taking do not impair his ability to understand what's happening.
 
 
 10
 (Plea Hearing Transcript at 4.) The judge was entitled to rely on counsel's and Steele's own statements that he was competent as those are the two parties most familiar with the defendant's mental state. See Drope, 420 U.S. at 177; United States v. Collins, 949 F.2d 921, 926 (7th Cir.1991). Significantly, Steele answered the trial court's questions in a rational manner and in a way that demonstrated that he was aware of the implications of the plea process. He remembered facts and was able to articulate them to the presiding judge. (Plea Hearing Transcript at 4-10.) He indicated that he understood that the judge was not a party to the agreement, that he believed the plea agreement and the recommended sentence constituted a "fair" resolution of his case, that he understood the elements of his offense that the state would have to prove if he did not plead guilty, and that he understood he would lose his right to a jury trial by pleading guilty. (Plea Hearing Transcript at 4-8.)[2] Although at one point Steele indicated that he did not understand when the judge used "big words," the trial judge stated he would speak simply and told Steele to let him know whenever he did not understand. (Plea Hearing Transcript at 4-5.) Steele subsequently took the judge up on this offer by stating, "[c]an I help it if don't understand?" Id. at 5. Although Steele points to this statement as evidence of his lack of mental competency, the record belies his assertion. Steele made this statement in response to the judge's question whether he thought his sentence was fair. Steele responded that he thought it was fair, given what he knew at that time, without regard to some unforeseen development such as if he discovered an alibi that would say he was somewhere else at the time of the rape. Immediately after making this statement, however, Steele acknowledged that such an unforeseen development was unlikely. In this context, we do not think that his reference to his lack of understanding shows the doubtfulness of his mental capacity. We also note that the psychological reports finding him competent, although completed months before his hearing, remain relevant, especially where Steele has not introduced evidence supporting his claim that they should be accorded no consideration. Finally, we address Steele's claim that his demeanor at the hearing manifested his incompetence. In support of this argument, he points to a newspaper account of the hearing that reported that he smiled throughout the hearing. He maintains that this indicated that he was "high" and therefore incompetent. Even if this newspaper report of his smiling had been filed in the district court, and therefore was properly before us, see Fed.R.App.P. 10(a), it alone does not outweigh the objective evidence demonstrating Steele's mental competence.
 
 
 11
 Considering all this evidence, we conclude that Steele has failed to show that the state court's competency conclusion was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or that its decision was based on an unreasonable determination of the facts.[3] We also reject Steele's undeveloped and unsupported argument that he is entitled to habeas relief because his attorney submitted redacted copies of his medical records to the trial court. See, e.g., United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)."), cert. denied, 502 U.S. 845 (1991).
 
 
 12
 For the reasons stated above, we AFFIRM the judgment of the district court dismissing Steele's petition for relief pursuant to § 2254.[4]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Pursuant to Fed.R.App.P. 28(j) and Circuit Rule 28(j), the state has supplemented the record with the new law and our decision in Lindh
 
 
 [2]
 We also reject Steele's argument that the thoroughness of the judge's questioning itself demonstrates that the judge was aware of Steele's questionable competency
 
 
 [3]
 In this case, the result is not changed by our decision to retroactively apply the new standards of § 2254(d) to Steele's petition. Under the former § 2254(d), the state judge's competency finding is presumed correct unless Steele demonstrates that this finding was not supported by the record, or otherwise establishes that this factual determination is erroneous. As the foregoing discussion sufficiently demonstrates, Steele has not rebutted the presumed correctness of the state court's finding. Moreover, he has failed to demonstrate that his competency was sufficiently questionable to create a due process right to a competency hearing. See Morgano, 39 F.3d at 1373-4 (district court did not abuse its discretion in not ordering competency hearing where defendant's claim of incompetency was not supported by the record)
 
 
 [4]
 After the district court issued its judgment, the state filed a motion asking the court to change the judgment to dismissal "with prejudice." No action appears to have been taken on this motion and the state has not filed a cross-appeal. Thus, we affirm the judgment as issued. Tredway v. Farley, 35 F.3d 288, 296 (7th Cir.), cert. denied, 115 S.Ct. 941 (1995)