**Bill LAND, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 50A03–9401–CR–7.

Court of Appeals of Indiana,
Third District.

Sept. 26, 1994.

Rehearing Denied Jan. 4, 1995.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Office of Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant-defendant Bill Land appeals from the denial of his petition to file a belated praecipe following the revocation of his probation following his conviction for theft. Land's sole claim on appeal is that the trial court abused its discretion in denying his request to file a belated praecipe.

Land was charged with one count of theft on May 16, 1967. At an arraignment hearing held on August 2, 1967, the trial judge advised Land that he was entitled to an attorney, a jury trial, and that if the jury convicted him, he had a right to appeal. Land entered a plea of not guilty. He requested counsel and he was appointed an attorney. After a bench trial, Land was convicted of theft and sentenced to a term of imprisonment not less than one year nor more than five years, suspended, and three years' probation on September 14, 1967. Land's probation was revoked on March 28, 1968.

In November of 1975, the Fulton County Court convicted Land of arson in an unrelated case. He received an indeterminate sentence of five to ten years' imprisonment. On appeal, Land's arson conviction was affirmed. Land was released from prison in June of 1978. Thereafter, Land was convicted of attempted murder in Allen County and was sentenced in June of 1982. Land was found to be an habitual offender. He received a sentence of 40 years' imprisonment, plus a 30–year enhancement due to his habitual offender status. Land appealed this conviction, which was affirmed.

Land filed a praecipe on January 17, 1983, in an attempt to seek relief from his 1967 theft conviction. On January 28, 1983, Land filed a motion to compel the praecipe, accompanied by a letter advising the judge that he was a law clerk in the prison law library and that he wanted to represent himself. Thereafter, the court denied Land's praecipe and his motion to compel. Land requested assistance from the Indiana Public Defender's Office on April 4, 1984.

On July 26, 1993, Land, now represented by counsel, filed a verified petition to file a belated praecipe. Thereafter, the State filed a written objection to the petition, alleging that Land did not timely file his praecipe, that he was not diligent in filing it, and that laches should bar him from seeking relief. After a hearing, the trial court denied Land's petition. Land now appeals.

At the time Land filed his petition, Ind. Post–Conviction Rule 2 provided:

> "**Section 1. Belated Praecipe.** Where a defendant convicted after a trial or plea of guilty fails to file a timely praecipe, a petition for permission to file a belated praecipe may be filed with the trial court, where:
>
> (a) the failure to file a timely praecipe was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated praecipe under this rule.
>
> The trial court shall consider the above factors in ruling on the petition. Any hearing on the granting of a petition for permission to file a belated praecipe shall be conducted according to Section 5, Rule P.C. 1.
>
> If the trial court finds grounds, it shall permit the defendant to file the belated praecipe, which praecipe shall be treated for all purposes as if filed within the prescribed period.
>
> If the trial court finds no grounds for permitting the filing of a belated praecipe, the defendant may appeal such denial by

filing a praecipe within (30) days of said denial."

Land has the burden of proving his grounds for relief by a preponderance of the evidence. *Tredway v. State* (1991), Ind.App., 579 N.E.2d 88, 90, *trans. denied.* Deciding whether the defendant is responsible for the delay is within the trial court's discretion. *Id.* A defendant must be without fault in the delay of filing. *Long v. State* (1991), Ind. App., 570 N.E.2d 1316, 1318. There are no set standards defining delay or diligence; each case must be decided on its own facts. *Bailey v. State* (1982), Ind., 440 N.E.2d 1130, 1131. Factors affecting the determination include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay. *Tredway,* 579 N.E.2d at 90 (*citing Long,* 570 N.E.2d at 1318).

In the present case, the trial court did not abuse its discretion in concluding that Land had failed to establish by a preponderance of the evidence that he was without fault and was diligent in pursuing permission to file a belated praecipe under P–C.R. 2 § 1. Specifically, the trial court found that Land was familiar with the criminal justice system having been convicted of arson in 1975 and attempted murder in 1982, and perfected appeals therefrom. It was not until after the first two appeals were initiated that Land attempted to seek relief from his 1967 theft conviction.

Prior to waiving a jury trial, Land was advised by the court at his arraignment for the 1967 conviction: "If a jury should convict you, you have a right to appeal to the Supreme Court of Indiana." Land instead waited approximately 16 years after he was sentenced to file his motion for post-conviction relief. There is overwhelming evidence in the record to support the trial court's finding that Land knew of his right to initiate an appeal; appealing the denial of his post-conviction relief simply was not important to him until he was adjudicated an habitual offender. *See Tredway,* 579 N.E.2d at 90.

Additionally, Land has failed to demonstrate that he exercised diligence in pursuing an appeal. Not only did Land wait nearly 16 years before filing his initial praecipe, he did not file another praecipe until 1983, ten years later. Land attributes his lack of diligence to the trial court for not providing him with a transcript for an appeal, thus, leaving him "frustrated and unsure how to proceed." In his 1983 letter to the trial court, Land explained to the judge that he was a law clerk in the prison library and that he had the necessary resource to represent himself. A *pro se* defendant proceeds at the same risk as any other party before the court. *Whitmire v. State* (1986), Ind., 498 N.E.2d 380, 381.

Land further attributes the untimeliness in filing his petition for post-conviction relief to the Indiana Public Defender's Office. Land, however, did not contact the Public Defender's Office until April 1984, thus, leaving his delay prior to that time unaccounted for.

> *See Wilhite v. State* (1980), 273 Ind. 56, 59, 402 N.E.2d 1211, 1212 (petitioner may not be exempt from showing he exercised diligence by showing that fault was, in part, not chargeable to him);
>
> *Boys v. State* (1978), 269 Ind. 628, 630, 382 N.E.2d 912, 913.

The trial court did not abuse its discretion in finding that Land was not diligent in requesting permission to file a belated praecipe under P–C.R. 2 § 1. The judgment of the trial court is affirmed.

Affirmed.

STATON and CHEZEM, JJ., concur.