**Richard BOSLEY, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 06A01–0612–CR–572.

Court of Appeals of Indiana.

Aug. 15, 2007.

Deborah K. Smith, Thorntown, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Richard Bosley, Jr. ("Bosley") attempted to challenge the fifty-year sentence imposed following his plea of guilty to Child Molesting, as a Class A felony,[1] by filing motions, some having a criminal cause number and some

having a post-conviction cause number. In 2005, Bosley was denied permission to file a belated direct appeal (Cause No. 06C01–9608–CF–133) and in 2006 he was granted permission to file a belated direct appeal (Cause No. 06C01–0208–PC–149). He now purports to bring a belated direct appeal with reference to both lower court cause numbers as if presenting a consolidated appeal. We affirm the first ruling of the trial court denying Bosley permission to file a belated direct appeal.

### Issue

Bosley raises seven issues related to the propriety of his fifty-year sentence for Child Molesting. However, we address a single dispositive issue: whether the denial of permission to file a belated direct appeal was proper.

### Facts and Procedural History

On August 2, 1996, Bosley was charged with Child Molesting, as a Class C felony. On September 18, 1996, the State filed an Amended Information charging Bosley with Class A felony Child Molesting. The Amended Information alleged that on July 29, 1996, Bosley digitally penetrated the anus of five-year-old J.S.

On December 2, 1996, Bosley and the State entered into a plea agreement whereby Bosley agreed to plead guilty to Class A felony Child Molesting and the State agreed to forgo prosecution of an instance of Child Molesting involving C.S. The plea agreement left sentencing to the trial court's discretion. On January 23, 1997, the trial court conducted a sentencing hearing. Upon finding that Bosley had violated the terms of his probation, had a criminal history including other sexual offenses, and needed correctional treatment in a penal facility because he had failed to benefit from prior treatment pro-

---

1. Ind.Code § 35–42–4–3.

grams, the trial court imposed upon Bosley the maximum sentence of fifty years. *See* Ind.Code § 35–50–2–4.

On June 8, 1999, the trial court received a letter from Bosley "requesting the court review his case." (App.1.) On August 7, 2000, the trial court received a letter from Bosley "requesting modification of his sentence." (App.1.) On August 9, 2000, the trial court denied the motion for sentence modification. On July 25, 2002, a copy of the guilty plea and sentencing transcript was sent to Bosley.

On August 22, 2002, Bosley filed a petition for post-conviction relief. On August 9, 2005, the post-conviction court granted Bosley's motion to dismiss the post-conviction petition without prejudice. On August 25, 2005, Bosley filed a Verified Motion to Reconsider. On September 8, 2005, the post-conviction court denied the Motion to Reconsider.

On August 31, 2005, Bosley filed a Petition for Leave to File a Belated Notice of Appeal, using the criminal proceeding cause number. On September 30, 2005, the trial court denied the petition. On October 17, 2005, Bosley filed his pro-se notice of appeal. He also requested, by separate motion, a copy of the clerk's record. On November 21, 2006, the trial court appointed counsel to represent Bosley on appeal.

Meanwhile, on December 7, 2005, Bosley filed a Motion for Correction of Erroneous Sentence using a post-conviction proceeding cause number. On January 20, 2006, he moved to reinstate his post-conviction petition previously dismissed. On January 27, 2006, the post-conviction court denied Bosley's Motion for Correction of Erroneous Sentence. On August 14, 2006, Bosley filed in the post-conviction court a Petition for Permission to File a Belated Direct Appeal, using the post-conviction proceedings cause number of the previously dismissed petition. The State filed no response. On November 13, 2006, the post-conviction court granted Bosley permission to pursue a belated direct appeal.

Thereafter, on November 29, 2006, Bosley, by counsel, filed a notice of appeal under the post-conviction cause number, and also filed under the criminal cause number, as if to challenge the initial denial of the petition for permission to file a belated direct appeal. However, the appellant's brief solely presents arguments to challenge the propriety of his sentence, proceeding under the assumption that the second order (allowing the belated appeal) may be acted upon while the first order may be ignored.

### Discussion and Decision

■ Indiana Post Conviction Rule 2(1) permits a defendant to seek permission to file a belated appeal, and provides in part:

Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:

(a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Here, Bosley timely filed his notice of appeal to challenge the summary denial of his first petition for permission to file a belated notice of appeal but failed to promptly perfect the appeal by filing the transcript and his appellate brief. Instead, he affixed a post-conviction proceedings cause number to a second petition and attempted to re-litigate the matter. In effect, Bosley attempted to obtain a second bite of the apple by re-litigating an issue previously decided adversely to him and not reversed on appeal. Due to the princi-

ples of res *judicata,* he may not do so. *Ford v. State,* 755 N.E.2d 1138, 1145 (Ind. Ct.App.2001), *trans. denied.* Moreover, although the post-conviction rules do not directly address successive motions for permission to file a belated appeal, it is clear that the post-conviction rules are not designed to allow unlimited challenges to a conviction or sentence. *See* Indiana Post–Conviction Rule 1(12) (providing that a successive petition for post-conviction relief may be filed only with leave of the appellate court). For these reasons, the post-conviction court erred by considering Bosley's second petition for permission to file a belated appeal under Post–Conviction Rule 2.

■ With respect to the initial denial of Bosley's petition for permission to file a belated appeal, he had the burden of showing that the failure to file a timely notice of appeal was not due to his fault; and that he had been diligent in requesting permission to file a belated notice of appeal under Post–Conviction Rule 2. *Gutermuth v. State,* 868 N.E.2d 427, 429 (Ind.2007). A trial court's ruling on a petition for permission to seek relief under Post–Conviction Rule 2 should be affirmed unless it was based on an error of law or a clearly erroneous factual determination, which is often described as an abuse of discretion. *Moshenek v. State,* 868 N.E.2d 419, 424 (Ind.2007). If the trial court did not advise a defendant of the right to appeal the sentence in an open plea, that may suffice to meet the lack of fault requirement, depending on other evidence, but the defendant must make some additional showing to establish diligence. *Id.* at 420. Where the trial court does not conduct a hearing

on a petition for permission to file a belated notice of appeal, we review a trial court's decision regarding the petition de novo. *Baysinger v. State,* 835 N.E.2d 223, 224 (Ind.Ct.App.2005).

■ It is not apparent that Bosley made any allegation with regard to his lack of fault. The record on appeal contains no copy of Bosley's petition for leave to file a belated appeal. In summarily denying Bosley's petition, the trial court stated, "[Bosley] has articulated no reason for requesting permission to file a delayed appeal." (App.1.) As such, Bosley apparently made no claim that the trial court omitted an advisement of his right to appeal.[2]

■ Several factors are relevant to a diligence inquiry. *Moshenek,* 868 N.E.2d at 424. These include the overall passage of time, the extent to which the defendant was aware of relevant facts, and the degree to which delays are attributable to other parties (such as the transcript preparer). *Id.* We observe that Bosley was sentenced on January 23, 1997 and first petitioned to file a belated appeal on August 31, 2005. Thus, more than eight and one-half years elapsed before he pursued a belated appeal. Approximately eight months had elapsed since *Collins v. State,* 817 N.E.2d 230 (Ind.2004) was decided (making clear that the proper vehicle for raising a sentencing issue was a direct appeal rather than a post-conviction proceeding). He had been provided with a transcript in July of 2002.

For these reasons, the trial court committed no clear error in determining that Bosley had not met his burden of proof under Post–Conviction Rule 2.

---

**2.** The right to appeal a sentence is not among the rights of which a trial court is required to inform a defendant before accepting a guilty plea. *Moshenek,* 868 N.E.2d at 424. However, the fact that a trial court did not advise a defendant about this right can establish that the defendant was without fault in the delay of filing a timely appeal. *Id.* Nevertheless, a defendant still must establish diligence. *Id.*

We affirm the denial of permission to file a belated direct appeal.

BAKER, C.J., and VAIDIK, J., concur.