Kenneth **RICKS,** Appellant–Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

No. 79A02–0808–CR–732.

Court of Appeals of Indiana.

Jan. 13, 2009.

Michael B. Troemel Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### *STATEMENT OF THE CASE*

Appellant–Defendant, Kenneth V. "Dusty" Ricks (Ricks), appeals his sentence for burglary, as a Class B felony, Ind.Code § 35–43–2–1, and arson, as a Class B felony, I.C. § 35–43–1–1(a)(4). The State cross-appeals the trial court's grant of permission to Ricks to file a belated appeal.

We reverse and remand for a hearing on Ricks' motion for permission to file a belated appeal.

### *ISSUE*

The State presents one issue for our review, which we find to be dispositive and restate as: Whether the trial court erred when it granted Ricks' motion for permission to file a belated appeal.

### *FACTS AND PROCEDURAL HISTORY*

On October 7, 2005, Ricks and Jacob P. Lewandowski (Lewandowski) broke into Calvary Chapel, a church, located in Lafayette, Indiana. They located a safe in the floor of the church and went to get a reciprocating saw to cut the safe out of the floor. Upon their return to the church, they removed the safe, and then Lewandowski lit the church on fire burning it to the ground.

On May 12, 2006, the juvenile court waived its jurisdiction over Ricks. On that

same day, the State filed an Information charging Ricks with: Count I, burglary, as a Class B felony, I.C. § 35–43–2–1; Count II, burglary, as a Class B felony, I.C. § 35–43–2–1; Count III, theft, as a Class D felony, I.C. § 35–43–4–2; Count IV, arson, as a Class B felony, I.C. § 35–43–1–1(a)(4); Count V, arson, as a Class B felony, I.C. § 35–43–1–1(a)(3); Count VI, conspiracy to commit burglary, as a Class B felony, I.C. §§ 35–41–5–2 and 35–43–2–1; and Count VII, conspiracy to commit arson, I.C. §§ 35–41–5–2 and 35–43–1–1. On June 8, 2007, Ricks entered a plea of guilty to Counts I and IV. In exchange for Rick's plea, the State dismissed Counts II, III, V, VI, and VII, and agreed that Ricks' sentence should be capped at eighteen years.

At a hearing on June 8, 2007, the trial court accepted Ricks' plea of guilty to Counts I and IV. At this hearing the trial court made sure that Ricks understood his rights, including that he retained a right to appeal his sentence, although he had waived his right to appeal his convictions by pleading guilty. On June 29, 2007, the trial court conducted a sentencing hearing. The trial court sentenced Ricks to ten years for Count I, burglary, and eight years for Count IV, arson, and ordered the sentences to run consecutively. The trial court ordered fifteen years of the sentence to be served at the Indiana Department of Correction, and the last three years to be served at Community Corrections. In addition, the trial court entered a judgment in the favor of Church Mutual Insurance in the amount of $915,057.04, and $500 in favor of Calvary Chapel. The trial court did not state at the sentencing hearing that Ricks had a right to appeal his sentence.

On September 12, 2007, the trial court received a letter from Ricks requesting the appointment of counsel so that he could appeal. The letter stated that it was the second letter Ricks had sent making such a request but did not state when the previous letter had been sent. On September 19, 2007, the trial court appointed Ricks counsel for an appeal. On September 27, 2007, Ricks filed his notice of appeal. We dismissed that appeal because Ricks had not timely filed his notice of appeal, and had not obtained permission to file a belated appeal in accordance with Indiana Post–Conviction Rule 2. On March 19, 2008, the trial court granted Ricks permission to file a belated appeal.

Ricks and the State now appeal. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

■ The State's contends that the trial court erred when it granted Ricks permission to file a belated appeal.[1] Specifically, the State argues that the trial court erred because Ricks did not prove that his failure to timely perfect an appeal was not his fault.

■ Post–Conviction Rule 2 provides a defendant an opportunity to petition the trial court for permission to file a belated notice of appeal when the "failure to file a timely notice of appeal was not due to the fault of the defendant [and] the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule." P–C.R. 2(1)(a)(2) and (3). The de-

---

1. Although the State repeatedly sets out the issue for its cross-appeal as being whether the trial court "abused its discretion" when it granted Ricks permission to file a belated appeal, the State also asserts that because the trial court did not hold a hearing when granting the permission, we owe no deference to the trial court's ruling and should review the determination *de novo*. (Cross–Appellant/Appellee's Br. p. 6 (citing *Jackson v. State*, 853 N.E.2d 138, 140 (Ind.Ct.App.2006) and *Bosley v. State*, 871 N.E.2d 999, 1002 (Ind.Ct.App.2007)).) Because the trial court did not hold a hearing, we apply the latter standard.

fendant carries the burden to prove by a preponderance of the evidence that the failure to timely file a notice of appeal was not his fault and that he has been diligent. *Mead v. State,* 875 N.E.2d 304, 308 (Ind. Ct.App.2007). A trial court's ruling on a petition for permission to seek relief under Post–Conviction Rule 2 should be affirmed unless it was based on an error of law or a clearly erroneous factual determination. *Moshenek v. State,* 868 N.E.2d 419, 420 (Ind.2007), *reh'g denied.* However, where, as here, the trial court does not hold a hearing on the petition, we will review the decision *de novo* without according the trial court's findings any deference. *See Williams v. State,* 873 N.E.2d 144, 146 (Ind.Ct.App.2007).

■■ "There are no set standards of fault or diligence and each case turns on its own facts." *Moshenek,* 868 N.E.2d at 423. Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing, including: the defendant's awareness of his procedural remedy; age; education; familiarity with the legal system; whether the defendant was informed of his appellate rights; and whether he committed an act or omission which contributed to the delay. *Id.*

Here, the trial court did not hold a hearing on Ricks' request for permission to file a belated appeal, but, nevertheless, several of the above factors weigh in his favor. From the trial court's findings at Ricks' sentencing hearing we know that Ricks had no prior convictions, and was thus relatively unfamiliar with the legal system. Moreover, Ricks was young at the time of sentencing, and had not yet earned a high school diploma or any equivalent. Further, he was not advised of his right to appeal his sentence at his sentencing hearing, although he had been advised at his guilty plea hearing.

That being said, all of these factors could be outweighed if Ricks contributed to, or was responsible for, the delay in the filing of a notice of appeal. Although we know for certain that Ricks requested counsel to perfect an appeal over two months after his sentencing, and stated by letter that he had made that same request earlier, we cannot glean from the record before us exactly when, or if, that earlier request was made. It is possible that Ricks expressed to his trial counsel that he did not want to appeal, and then changed his mind sometime more than thirty days after his sentencing. Such a series of events would place the fault of the delay squarely on Ricks and would make him ineligible for treatment under Post–Conviction Rule 2. As such, Ricks' letter alone has not proved by a preponderance of the evidence that he was without fault for the failure to timely file his notice of appeal. Therefore, we conclude that the trial court erred when granting Ricks permission to file a belated appeal. However, this error on the part of the trial court should not prevent Ricks from pursuing permission to file a belated appeal if he can present sufficient evidence that he was not at fault for failing to file a timely notice of appeal.

### CONCLUSION

Based on the foregoing, we conclude that the trial court erred when it granted Ricks permission to file a belated notice of appeal, but remand so that the trial court can hold a hearing to determine whether Ricks is at fault for failing to file a timely notice of appeal.

Reversed and remanded for further proceedings.

DARDEN, J., and VAIDIK, J., concur.