**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**MARIA E. MESOLORAS**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 11 2012, 9:23 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JIM A. EDSALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 57A03-1110-CR-462 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NOBLE SUPERIOR COURT
The Honorable Robert E. Kirsch, Judge
Cause No. 57D01-0608-FA-7

**April 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Jim A. Edsall ("Edsall") appeals the trial court's order denying permission to file a belated notice of appeal. He raises the following restated issue: whether the trial court erred in denying his motion for permission to file a belated notice of appeal, finding that Edsall was not diligent in requesting such permission.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On January 4, 2008, Edsall pleaded guilty to five counts of delivery of methamphetamine, each as a Class A felony, and one count of conspiracy to manufacture methamphetamine as a Class A felony pursuant to a plea agreement that dismissed the remaining counts and provided for a sentence not to exceed thirty years executed. On February 8, 2008, the trial court sentenced Edsall to thirty years on each count to run concurrently with each other for an aggregate sentence of thirty years executed, the maximum term allowed under the plea agreement. The trial court advised Edsall that he had the right to appeal his sentence, and if he chose to do so, he must initiate the appeal within thirty days of sentencing. *Appellant's App*. at 122-23.

Edsall informed his trial counsel, James Stevens ("Stevens"), that he wished to appeal his sentence, and Stevens assured Edsall that he would file a notice of appeal on his behalf. During the thirty days following sentencing, Edsall wrote numerous letters to Stevens, but did not receive any response. On February 19, 2008, Edsall wrote to the trial court and requested copies of the chronological case summary ("CCS"), sentencing transcript, and sentencing order. Because he has not heard from Stevens, Edsall wrote a letter to the trial court, dated March 14, 2008, and inquired about whether Stevens had

2

filed a notice of appeal. A CCS entry, dated March 19, 2008, indicated that the trial court informed Edsall that no notice of appeal or motion to correct error had been filed in his case, and if a notice of appeal or motion to correct error is not filed within thirty days of sentencing, then Edsall's right to appeal is forfeited. *Id*. at 138-39.

On April 17, 2008, the trial court received a letter from Edsall requesting the addresses of the Indiana Court of Appeals and the Indiana Attorney General, which the trial court supplied to him. On May 5, 2008, Edsall wrote a letter to the Indiana Court of Appeals, informing this court that Stevens had failed to timely file a notice of appeal and asking whether it was still possible to file an appeal. *Id*. at 157-58. In a letter dated May 12, 2008, this court referred Edsall to Indiana Post-Conviction Rule 2. *Id*. at 159.

On August 20, 2008, Edsall filed his pro se petition for post-conviction relief under Indiana Post-Conviction Rule 1. Prior to filing this petition, Edsall had sent several pro se requests for information and/or documents to the trial court on the following dates: February 19, 2008; March 19, 2008; April 9, 2008; April 17, 2008; May 12, 2008; May 21, 2008; May 22, 2008; August 1, 2008; and August 11, 2008. *Id*. at 138-40. On December 3, 2008, the State Public Defender was appointed to represent Edsall as to his petition for post-conviction relief. On August 3, 2011, Edsall, through the State Public Defender, filed a "Verified Motion for Permission to File a Belated Notice of Appeal" pursuant to Indiana Post-Conviction Rule 2(1). The State filed an objection to the motion, arguing that Edsall had not been diligent in requesting permission to file a belated appeal. *Id*. at 314. The trial court denied Edsall's motion for permission to file a

3

belated appeal, finding that he had not been diligent in seeking permission to file a belated appeal. Edsall now appeals.

## DISCUSSION AND DECISION

Indiana Post-Conviction Rule 2 ("P-C.R. 2") permits a defendant to seek permission to file a belated notice of appeal. The rule provides in pertinent part:

> Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Ind. Post-Conviction Rule 2(1). P–C.R. 2 also gives a defendant the right to appeal a trial court's denial of permission to file a belated notice of appeal or motion to correct error. *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007).

The decision whether to grant permission to file a belated notice of appeal or belated motion to correct error is within the sound discretion of the trial court. *Id*. (citing *George v. State,* 862 N.E.2d 260, 264 (Ind. Ct. App. 2006)). A trial court's ruling on a petition for permission to file a belated notice of appeal under P–C.R. 2 will be affirmed unless it was based on an error of law or a clearly erroneous factual determination. *Ricks v. State,* 898 N.E.2d 1277, 1280 (Ind. Ct. App. 2006). However, where, as here, the trial court does not hold a hearing on the petition, we will review the decision *de novo* without according the trial court's findings any deference. *Id.*

4

Edsall argues that the trial court abused its discretion when it denied his motion for permission to file a belated notice of appeal. He contends that, although he did not file a timely notice of appeal, he is entitled to file a belated notice of appeal under P-C.R. 2. He asserts that his failure to file a timely notice of appeal was through no fault of his own because he believed that Stevens was working on his appeal and because of his limited education and relative unfamiliarity with the law. He also claims that he was diligent in requesting permission to file a belated notice of appeal because he sent numerous letters to his attorney, contacted the trial court frequently, and sent a letter to the Indiana Court of Appeals.

The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated notice of to appeal. *Witt v. State,* 867 N.E.2d 1279, 1281 (Ind. 2007). There are no set standards of fault or diligence, and each case turns on its own facts. *Moshenek*, 868 N.E.2d at 423 (citing *Land v. State,* 640 N.E.2d 106, 108 (Ind. Ct. App. 1994), *trans. denied*). Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing. *Id.* These include "the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay." *Id.*

Here, the record shows that the trial court advised Edsall of his right to appeal his sentence and that, in order to do so, he must file a notice of appeal within thirty days. *Appellant's App*. at 122-23. When Edsall told Stevens he wished to appeal his sentence,

5

Stevens assured Edsall that he would file a notice of appeal. However, Stevens failed to file a notice of appeal on Edsall's behalf within thirty days of sentencing. At the time of sentencing, Edsall was forty-five years old and had only a high school education. Prior to the commission of the crimes at issue, Edsall had four misdemeanor convictions, for which he either received suspended sentences or minimal sentences not exceeding six months, which he had not appealed, and which had occurred almost nine years before he was sentenced in this case. Although at the time he was sentenced in the present case, he had also been convicted of a Class C felony drug offense and sentenced in Michigan, such conviction and sentence occurred in another state with different laws and procedures. This demonstrates that Edsall was thus relatively unfamiliar with the legal system in Indiana. The record does not show that Edsall committed an act or omission that contributed to the delay in appealing is sentence. It demonstrates that he told Stevens that he wished to appeal his sentence, that he wrote several letters to Stevens inquiring about the status of his appeal, that he wrote requests to the trial court for various trial records, including the sentencing order and transcript, and that he contacted the Indiana Court of Appeals regarding how to file an appeal. Edsall has proven beyond a preponderance of the evidence that he was without fault in failing to timely file a notice of appeal.

Edsall further argues that was diligent in requesting permission to file a belated notice of appeal. He was sentenced in the instant case on February 8, 2008. He informed Stevens he wished to appeal. During the next few weeks, he sent Stevens numerous letters concerning the notice of appeal, and never received a response. On February 19,

6

2008, Edsall sent a pro se request to the trial court for various trial documents, including the sentencing order and transcript. *Appellant's App*. at 149. After failing to receive a response from Steven regarding the status of his appeal, on March 19, 2008, Edsall wrote a letter to the trial court and was informed that his right to appeal had been forfeited since no notice of appeal was filed. On April 9, 2008, Edsall sent another letter to the trial court. On April 17, 2008, he sent a letter to the trial court requesting the addresses of the Indiana Court of Appeals and the Indiana Attorney General's Office, which the trial court provided. On May 5, 2008, Edsall wrote a letter to the Indiana Court of Appeals inquiring about his ability to file an appeal, and this court referred him to P-C.R. 2. Subsequently, Edsall sent letters to the trial court on May 12, 2008; May 21, 2008; May 22, 2008; and August 1, 2008 requesting various items of information about his case. On August 20, 2008, he filed his pro se petition for post-conviction relief pursuant to P-C.R. 1. The State Public Defender was appointed to represent Edsall on December 3, 2008.

Electing to proceed first on a P-C. R. 1 claim does not preclude a finding of diligence in a later P-C.R. 2 claim. *Kling v. State*, 837 N.E.2d 502, 508 (Ind. 2005). Nor does the time spent by the State Public Defender investigating a claim count against the defendant when courts consider the issue of diligence under P-C.R. 2. *Id*. Therefore, the trial court erred in counting the time that his case was under investigation by the State Public Defender against him. For purposes of determining whether Edsall was diligent in seeking permission to file a belated notice of appeal, we must only look to the period of time from February 8, 2008 (Edsall's sentencing) until August 20, 2008 (filing of pro se petition for post-conviction relief), a span of approximately six months.

7

During that period of time, Edsall sent numerous letters and filed various requests for information and documents, including the sentencing order and sentencing transcript, with the trial court. He also sent a letter to this court inquiring about the ability to appeal his case. On August 20, 2008, approximately six months after Edsall was sentenced, he filed his pro se petition for post-conviction relief. In his pro se petition, he raised an issue related to *Blakely v. Washington*,[1] although this was raised as a claim that his guilty plea was involuntary because he was not advised of the right to jury sentencing under that case. We conclude that Edsall has proven beyond a preponderance of the evidence that he was diligent in seeking permission to file a belated notice of appeal. Therefore, the trial court abused its discretion when it denied his motion for permission to file a belated notice of appeal.

Reversed.

BARNES, J., and BRADFORD, J., concur.

---

[1] *Blakely v. Washington*, 542 U.S. 296 (2004).