# FOR PUBLICATION

APPELLANT PRO SE:

**DEAN E. BLANCK**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 30 2013, 9:15 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEAN ERIC BLANCK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 47A01-1209-CR-424 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAWRENCE SUPERIOR COURT
The Honorable William G. Sleva, Judge
Cause No. 47D02-1106-FD-768

May 30, 2013

**OPINION - FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Dean Blanck appeals the trial court's denial of his petitions for permission to file a belated notice of appeal and for appointment of appellate counsel. We affirm.

## ISSUE

Blanck presents two issues, which we restate as one: whether the trial court erred by denying Blanck's petitions for permission to file a belated notice of appeal and for appointment of appellate counsel.

## FACTS AND PROCEDURAL HISTORY

In June 2011, Blanck was charged with operating a vehicle while intoxicated, a Class D felony, Ind. Code § 9-30-5-3 (2008); driving while suspended, a Class A misdemeanor, Ind. Code § 9-24-19-2 (2000); and being a habitual substance offender, a Class A misdemeanor, Ind. Code § 35-50-2-10 (2006). On December 20, 2011, Blanck pleaded guilty to the charge of operating a vehicle while intoxicated as a Class D felony and was sentenced to three years to be served on electronic monitoring, all pursuant to a written plea agreement. The plea agreement also provided for the suspension of Blanck's license and for the State's dismissal of the charges of driving while suspended and being a habitual substance offender.

On July 20, 2012, Blanck filed with the trial court a petition for permission to file a belated notice of appeal and a petition for appointment of appellate counsel to pursue proceedings under Indiana Post-Conviction Rule 2. Although the trial court initially granted Blanck's requests on August 15, 2012, it subsequently entered an order denying

Blanck's requests just a few days later on August 21, 2012. It is from this order of denial that Blanck now appeals.

## DISCUSSION AND DECISION

Blanck contends the trial court erred by denying his petitions for permission to file a belated notice of appeal and for appointment of appellate counsel. To support his argument, he claims that his plea agreement was an "open plea" such that he has a right to a belated direct appeal.

A trial court's ruling on a petition for permission to seek relief under Post–Conviction Rule 2 should be affirmed unless the ruling is based on an error of law or a clearly erroneous factual determination, typically referred to as an abuse of discretion. *Bosley v. State*, 871 N.E.2d 999, 1002 (Ind. Ct. App. 2007).

> Indiana Post-Conviction Rule 2 states, in pertinent part:
>
> An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.

Thus, to qualify for the belated filings permitted by Post-Conviction Rule 2, a defendant must first have the right to challenge on direct appeal his conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal. *See* P-C.R. 2.

Where a plea agreement includes a defendant's agreement to a specific sentence, the defendant may not challenge the sentence by means of a timely or belated direct

3

appeal. *Sholes v. State*, 878 N.E.2d 1232, 1235 (Ind. 2008). However, where the guilty plea is an "open plea," that is, a plea agreement under which the trial court exercised sentencing discretion, direct appeal challenges to sentences have been permitted. *Id.*

Here, Blanck attempts to read sections (A) and (B) of his written plea agreement as if they are in unison when they are clearly separate sections. Section (A), which was left blank in Blanck's plea agreement, is for an open plea and states: "Open sentencing except that the executed portion of the sentence shall not exceed _____." Appellant's App. p. 18. Section (B), on the other hand, is for a fixed plea. Section (B) of Blanck's plea agreement was filled in and specifically states that Blanck will serve "3 days/years[1] in jail with 0 days/years suspended with credit for _____ days served. Sentence to be served on electronic monitoring." *Id.* Hence, Blanck's plea agreement, as well as the transcript of the plea hearing, clearly show that Blanck's three-year sentence did not result from an open plea, but rather from his explicit agreement that for operating a vehicle while intoxicated he would be sentenced to a fixed sentence of three years on electronic monitoring. This plea of guilty with a fixed sentence precludes Blanck from challenging his sentence by direct appeal. Therefore, because Blanck does not have a right to challenge his sentence on direct appeal, he is not "eligible" to seek permission for a belated appeal to challenge his sentence under Post-Conviction Rule 2. Blanck's available remedy, if any, is through the filing of a petition for post-conviction relief. *See Kling v. State*, 837 N.E.2d 502, 504 (Ind. 2005) (noting that defendant who

---

[1] Although here we use underlining, we note that in the plea agreement the word "years" was circled. *See* Appellant's App. p. 18.

4

pleads guilty cannot challenge conviction by means of direct appeal but only through petition for post-conviction relief).  Thus, the trial court properly denied Blanck's petition for permission to file a belated notice of appeal.

Moreover, because Blanck is ineligible to bring a belated appeal, the trial court properly denied Blanck's petition to appoint appellate counsel for that purpose.

<u>CONCLUSION</u>

For the reasons stated, we conclude that the trial court properly denied Blanck's petitions for permission to file a belated notice of appeal and for appointment of appellate counsel.

Affirmed.

RILEY, J., and BARNES, J., concur.