**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 25 2014, 8:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEREK A. GRIFFITH, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1307-PC-300 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Charles K. Todd. Jr., Judge
Cause No. 89D01-1306-PC-15

**February 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following his guilty plea to attempted burglary[1] as a Class C felony, and admission to being an habitual offender,[2] Derek A. Griffith appeals the trial court's order denying his petition for permission to file a belated appeal.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 15, 2010, while represented by April Lahrman,[3] Griffith pleaded guilty pursuant to an open plea to attempted burglary as a Class C felony and admitted to being an habitual offender. The trial court sentenced Griffith to six years on the attempted burglary conviction enhanced by nine years for the habitual offender finding, for a total of fifteen years executed with the Indiana Department of Correction. Griffith did not file a notice of appeal after his sentencing. Instead, on January 28, 2013, Griffith filed a pro se petition for permission to file a belated appeal. In his petition, Griffith asserted that: (1) he "failed to file a timely notice of appeal"; (2) the failure to timely file "was not due to the fault of the defendant"; and (3) he has "been diligent in requesting permission to file a belated notice of appeal under . . . Post-Conviction Rule 2." *Appellant's App.* at 4.

The trial court held a hearing on the petition on May 9, 2013, and Griffith was represented by a public defender. At the commencement of the hearing, the trial court reiterated the three things that Griffith had to prove. *Tr.* at 8. As to the first element, the

---

[1] *See* Ind. Code §§ 35-43-2-1 (burglary); 35-41-5-1 (attempt).

[2] *See* Ind. Code § 35-50-2-8.

[3] April Lahrman testified during the post-conviction hearing, that she was formerly known as April Blair, which was the name she used at the time of Griffith's plea hearing. *Tr.* at 31.

trial court noted that it was "not contested that [Griffith] did not timely file [the notice of appeal]." *Id.* The trial court, however, requested evidence regarding why the failure to timely file the appeal was not Griffith's fault and how he had been diligent in requesting permission to file a belated notice of appeal. *Id.* at 9. Griffith and Lahrman both testified at the hearing.

> Following the hearing, the trial court made the following findings:
>
> [Griffith] presented no evidence that the Court failed to advise [him] of his right to appeal his sentence at the time of the sentencing hearing. Additionally, [Griffith] made clear from his testimony at the hearing held May 9, 2013, that he was aware of his right to appeal the sentence and had discussions with his attorney regarding the same before leaving the courtroom.
>
> Therefore, it is clear from [Griffith]'s testimony that [he] was aware, at the time of sentencing, that he had the right to appeal the sentence ordered by the Court on September 15, 2010. Further, [Griffith] acknowledged that he had conversations with his attorney, Ms. Lahrman, at the Wayne County Jail after the sentencing regarding the possibility of appeal. However, [Griffith]'s testimony at the hearing held May 9, 2013, differs from Ms. Lahrman's testimony at the same hearing as to the content of the conversations.
>
> [Griffith] testified that he was moved out of the Wayne County Jail at some point after sentencing, and set forth the approximate dates that he was at the RDC (Reception Diagnostic Center), Pendleton, Branchville, and Putnamville. During direct examination, [Griffith] provided reasons or excuses as to why he had not submitted a petition for belated appeal prior to the filing in this cause on January 28, 2013, which is over two (2) years and four (4) months after the date of [Griffith]'s sentencing. However, on cross examination, [Griffith] acknowledged that [he] could have filed earlier in his arrival at the Indiana Department of Correction.
>
> Ms. Lahrman testified that there were discussions with [Griffith] regarding his right to appeal. She recalled sending him a correspondence to the jail regarding his right to appeal, and she also recalled that [Griffith] told her after the sentencing that he did not want to appeal the sentence.

*Appellant's App.* at 9-10. From these facts, the trial court denied Griffith's petition to file

3

the belated appeal. *Id*. at 10.[4]  Griffith now appeals pursuant to Post-Conviction Rule 2(1)(e), which gives a defendant the right to appeal a trial court's denial of permission to file a belated notice of appeal.

## DISCUSSION AND DECISION

"[T]he proper procedure for contesting a trial court's sentencing decision where the trial court has exercised sentencing discretion [is] a direct appeal." *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007).  Nevertheless, an "eligible defendant" who fails to file a timely notice of appeal can petition for permission to file a belated appeal under Post-Conviction Rule 2 ("P-C.R. 2").  The decision whether to grant permission to file a belated notice of appeal is within the sound discretion of the trial court. *Moshenek*, 868 N.E.2d at 422.  The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated notice of appeal.  *Id*. at 422-23 (citing *Witt v. State,* 867 N.E.2d 1279, 1281 (Ind. 2007)).  There are no set standards of fault or diligence, and each case turns on its own facts.  *Id*. at 423 (citing *Land v. State,* 640 N.E.2d 106, 108 (Ind. Ct. App. 1994)).  Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing.  *Id*. "These include 'the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay.'"  *Id.* (quoting *Land,* 640 N.E.2d at 108).  Because diligence and relative fault are

---

[4] We commend the trial court on its findings of fact and conclusions, which have greatly facilitated appellate review.

4

fact sensitive, we give substantial deference to the trial court's ruling. *Id.*

During the hearing on his petition for permission to file a belated appeal, Griffith testified that: he told Lahrman at the plea hearing, but off the record, that he wanted to appeal his sentence, *tr.* at 9, 20; he told Lahrman at the Wayne County Jail that if she could provide him certain photographs of the crime scene, he would not appeal, *id.* at 10; when he did not get the photographs, he assumed that Lahrman had filed the appeal, *id.*; and when he learned that Lahrman had not filed an appeal, Griffith was unable to pursue relief under P-C.R. 2 sooner because the facilities he was in were on lock-down. *Id.* at 13-14. Griffith admitted that he has had experience with lawyers and judicial proceedings his entire life, and that he knows that, whenever an attorney files a document on a defendant's behalf, it is part of standard protocol that the attorney sends a copy of that document to the defendant in jail. *Id.* at 23. Griffith also admitted that he did not get a copy of anything "to make [him] think that [Lahrman] was initiating an appeal." *Id.* at 24.

Lahrman testified that it is her standard procedure, in cases where a defendant is sentenced following an open plea, to write to the defendant immediately after the sentencing to inform him of his right to appeal and to request that the defendant notify her in writing of his wish to appeal. *Id.* at 33-34. In that letter, Lahrman also advised Griffith that if he appealed his sentence, it was her understanding that "the Court of Appeals could review the sentence and it was possible that the client could receive a [] higher sentence than what they received by the trial court." *Id.* at 34. Lahrman also testified that after sending the letter, she saw Griffith in the Wayne County Jail and "he said something derogatory about my ability as an attorney and then also that he wasn't going to appeal

5

because he didn't want to be maxed out, which would reflect the advisement that I put in the letter." *Id*. at 36.

From this evidence, the trial court denied Griffith's petition to file the belated appeal, reasoning as follows:

> The Court finds that although [Griffith] has shown that the first of the three (3) requirements in P-C.R. 2(1) was met, [Griffith] has failed to show the second and third. Both [Griffith] and Ms. Lahrman's testimony support that [Griffith] was aware of his right to appeal his sentence at the time of sentencing back in September 2010. However, their testimony is inconsistent as to whether [Griffith] wanted to pursue his right to appeal at that time. The Court, in weighing the credibility of the testimony, finds that [Griffith] did not wish to pursue an appeal at that time. [Griffith] changing his mind at some point after his right to appeal expired does not mean that the failure to file a timely notice of appeal was not due to the fault of [Griffith]. Additionally even if the fault were not [Griffith]'s, the Court finds that [Griffith] has failed to show the third requirement as well. [Griffith] has failed to show that [he] has been diligent in requesting permission to file a belated notice of appeal. Even if the Court accepts [Griffith]'s version of events, [Griffith] had opportunity to file a petition or request a belated appeal well prior to the two (2) years and four (4) months that passed after sentencing. For the rule to be meaningful, there must be due importance that the word "diligent" retains some sense of urgency in [Griffith] pursuing his request.

*Appellant's App.* at 10.

On appeal, Griffith bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal. *Moshenek*, 868 N.E.2d at 422-23. There are no set standards of fault or diligence, and each case turns on its own facts. *Id*. at 423. Here, the trial court did not abuse its discretion in finding that Griffith did not meet his burden of showing he was without fault in failing to file a timely notice of appeal. Griffith knew he had the right to appeal and admitted that he had extensive contact with the criminal justice

6

system.  Additionally, Griffith said he knew that if an appeal had been filed he would have received notice from his attorney.  There also was no abuse of discretion in the trial court finding that Griffith has failed to show that he was diligent in requesting permission to file a belated notice of appeal.  The trial court noted that even if it accepted Griffith's version of events, Griffith had the opportunity to file a petition or request a belated appeal "well prior to" the two years and four months that passed after sentencing.  *Appellant's App.* at 10.

Griffith's arguments on appeal essentially mirror his arguments and testimony before the trial court.  *Appellant's Br.* at 2.  Griffith's appeal is merely an invitation to reweigh the evidence, which we must reject.  *Archer v. State*, 996 N.E.2d 341, 352 (Ind. Ct. App. 2013), *trans. denied*.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.