## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 07 2016, 9:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Michael E. Boring
Christopher R. Taylor
Boring & Boring, P.C.
New Palestine, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William E. Schini, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 7, 2016 <br><br> Court of Appeals Case No. <br> 30A01-1603-CR-418 <br><br> Appeal from the Hancock Circuit Court <br><br> The Honorable Richard D. Culver, Judge <br><br> Trial Court Cause No. <br> 30C01-1412-FA-2038 |

**Robb, Judge.**

# Case Summary and Issue

[1] William Schini pleaded guilty to child molesting as a Class A felony and the trial court sentenced him to forty years executed in the Indiana Department of Correction. On appeal, Schini raises the sole issue of whether the trial court abused its discretion in sentencing him. Concluding Schini has waived his right to appeal his sentence, we affirm.

# Facts and Procedural History

[2] For nearly three years, Schini molested his stepdaughter, S.F. In December 2014, the State charged Schini with eleven counts related to the molestation, including two counts of child molesting as a Class A felony. On the eve of trial, Schini signed a written plea agreement whereby he agreed to plead guilty to one count of child molesting as a Class A felony in exchange for the State dismissing the remaining counts. The plea agreement included a waiver provision and also stated Schini "shall plead open and the court shall determine the sentence after argument by the parties." Appellant's Appendix at 79. The plea agreement did not provide for a capped sentence.

[3] At the plea hearing, the trial court notified Schini the plea agreement was entered into after the trial court's plea deadline and therefore "the plea would not be pursuant to a plea agreement and it would be considered an open plea[.]" Supplemental Transcript at 5. The trial court further explained an "open plea means . . . any . . . sentence that would be appropriate under the law

within the range allowed by the statute." *Id*. Schini indicated he understood the trial court, offered a factual basis for the offense, and pleaded guilty. The trial court accepted the plea and entered judgment of conviction. The trial court later sentenced Schini to forty years executed in the Indiana Department of Correction and stated Schini had a right to appeal his sentence. This appeal ensued.

# Discussion and Decision

[4] The State argues Schini cannot challenge his sentence because he waived his right to do so pursuant to the terms of the plea agreement. Schini counters he did not waive his right to appeal because the trial court stated his sentence would not be pursuant to the plea agreement. In the alternative, Schini claims he did not knowingly or voluntarily waive his right to appeal. We agree with the State.

[5] Generally, where a plea agreement contains no waiver clause and provides a specific sentence, the defendant may not challenge the sentence on direct appeal. *Blanck v. State*, 988 N.E.2d 817, 819 (Ind. Ct. App. 2013). However, where a plea agreement contains no waiver clause and "the guilty plea is an 'open plea,' that is, a plea agreement under which the trial court exercised sentencing discretion, direct appeal challenges to sentences have been permitted." *Id*. (citation omitted).

> Where a defendant pleads guilty to what has been characterized as an open plea the freedom and latitude of the trial court to

impose a particular sentence is readily apparent. Under such circumstances, the trial court's discretion is limited only by the Constitution and relevant statutes. In an open plea situation, the sentence must be challenged, if at all, by way of a direct appeal.

*Williams v. State*, 51 N.E.3d 1205, 1209 (Ind. Ct. App. 2016) (citations and internal quotation marks omitted). At the same time, a plea agreement is contractual in nature, and upon its acceptance by the trial court, it binds the defendant, the State, and the trial court. *Id.* at 1208. A defendant may waive the right to appellate review of his sentence as part of a written plea agreement. *Id.*

[6]     Here, the waiver provision provides,

> [Schini] hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences [Schini] *within the terms of this plea agreement*.

Appellant's App. at 79-80 (emphasis added). The crux of Schini's position is that he only waived his right to appeal if the trial court sentenced him *pursuant to the plea agreement*, and because the trial court stated it would not sentence him pursuant to the plea agreement, he claims his sentence was *not* within the terms of his plea agreement and he has therefore not waived his right to appeal. We do not agree the trial court's statement, in and of itself, means the sentence was not pursuant to the plea agreement. On the eve of trial, the State and Schini entered into a plea agreement whereby Schini *agreed to plead open* in exchange for the State dismissing the remaining ten counts. Because Schini did not plead

guilty before the plea deadline, however, the trial court—albeit unnecessarily—stated his "plea would not be pursuant to a Plea Agreement and it would be considered an open plea[.]" Supp. Tr. at 5. Notwithstanding the trial court's erroneous statement, the plea agreement also required Schini to plead open, which means Schini already had agreed to give the trial court the discretion to sentence him within the parameters set by statutory authority, *see Williams*, 51 N.E.3d at 1209, and Schini does not argue his sentence is illegal. We further note, if we were to accept Schini's argument that he is not bound by the waiver provision, then the State would not be bound by its agreement to dismiss the remaining ten counts. We conclude the waiver provision is enforceable in this regard.

[7]  Schini also argues he did not knowingly or voluntarily waive his right to appeal. Specifically, he contends the trial court's statement noted above, coupled with its statement at the sentencing hearing that Schini had a right to appeal his sentence, led him to believe he retained the right to appeal his sentence. Again, we disagree. Although the trial court's statement regarding the open plea could be loosely interpreted to mean the waiver provision contained within the plea agreement is unenforceable, Schini's counsel—as an officer of the court—could have brought any confusion regarding the plea agreement and the right to appeal to the trial court's attention. Counsel did not raise any concerns with the trial court and the trial court accepted the plea. In addition, despite the trial court erroneously advising Schini of the possibility of an appeal at the sentencing hearing, Schini had already pleaded guilty and received the benefit

of the State dismissing the remaining ten counts by the time the trial court made this erroneous statement. *See Creech v. State*, 887 N.E.2d 73, 77 (Ind. 2008) (noting a trial court's erroneous statement advising a defendant of a right to appeal a sentence despite a waiver provision in the plea agreement does not negate a defendant's waiver when a defendant has already pleaded guilty and received the benefit of the plea agreement). Thus, this latter statement had no effect on the plea agreement. We conclude Schini knowingly and voluntarily waived the right to appeal his sentence.

# Conclusion

[8] Schini entered into a plea agreement with the State whereby he agreed to plead open and waive his right to appeal. In return, the State agreed to dismiss the remaining ten counts. We conclude Schini cannot now challenge his sentence. Accordingly, we affirm.

[9] Affirmed.

Mathias, J., concurs.

Brown, J., dissents with separate opinion.

| | |
|---|---|
| William E. Schini, | Court of Appeals Case No. |
| *Appellant-Defendant,* | 30A01-1603-CR-418 |
| v. | |
| State of Indiana, | |
| *Appellee-Plaintiff.* | |

**Brown, Judge, dissenting.**

[10] I respectfully dissent from the majority's conclusion that Schini waived his right to appeal his sentence. At the guilty plea hearing, the court specifically advised Schini that "by pleading guilty because [the plea agreement] was submitted after the deadline the Court established [] for the taking of a plea [] that the plea would not be pursuant to a Plea Agreement and it would be considered an open plea," and Schini responded that he understood. Supplemental Transcript at 4-5. To the extent that a discrepancy might exist between the language of the plea agreement and the court's specific statements at the guilty plea hearing, I would err on the side of reviewing the merits of Schini's arguments because this court prefers to decide cases and issues on the merits. *See Shoultz v. State*, 995 N.E.2d

647, 659 (Ind. Ct. App. 2013) (noting that this court prefers "to decide cases and issues on the merits" and that the defendant did not waive his claim).

[11] Because the court did not accept Schini's plea pursuant to the plea agreement, I would not enforce the provision in that agreement whereby Schini waived his right to appeal his sentence and would address the merits of Schini's argument.